258 P.2d 431

CITY OF PHOENIX et al. v. LOCKWOOD.

No. 5777.

Supreme Court of Arizona.

June 15, 1953.

William C. Eliot, City Atty., George T. Fike, Fred F. Bockmon, and James F. Haythornwhite, Asst. City Attys., Phoenix, for petitioners.

Wm. P. Mahoney, Jr., County Atty., John F. Connor, Deputy County Atty., Phoenix, for respondent.

UDALL, Justice.

This is an original proceeding in prohibition. The petitioners sought and obtained, at an ex parte hearing, an alternative writ of prohibition directed to Lorna E. Lockwood, one of the judges of the superior court of Maricopa County, requiring respondent court to desist from continuing in effect a temporary restraining order or injunction pendente lite theretofore issued in an annexation proceeding then pending before said court and to show cause on a day certain why said writ of prohibition should not be made permanent.

On March 24, 1953, the city council of the city of Phoenix, hereinafter referred to as petitioner, read three times and passed an ordinance purporting to annex certain territory to the city under the provisions of section 16–701, A.C.A.1939. Upon the same date this ordinance was duly signed by the mayor and a copy thereof, with an accurate map of the territory to be annexed certi-

fied by the mayor, was recorded in the office of the county recorder of Maricopa County. A copy was likewise transmitted to the Arizona Weekly Gazette, the official newspaper of the city of Phoenix, for publication. Prior to the publication of said ordinance, suit was filed against petitioner by three citizens affected by the annexation of said territory seeking to enjoin petitioners from proceeding in the matter upon the ground that the city of Phoenix did not have jurisdiction to effect a valid annexation as the area was not contiguous and the petitions were insufficient. After hearing duly had on an order to show cause, the superior court of Maricopa County, respondent herein, issued a temporary restraining order restraining petitioners from proceeding further in the matter. Petitioners then presented to this court a petition for a writ of prohibition, contending that respondent exceeded its jurisdiction and had no power to enjoin petitioners for the reason that at the time the restraining order was issued the controlling statute had been fully complied with and the annexation completed.

The statute reads:

"*Annexation by petition of property-owners.*—Any city may extend and increase its corporate limits in the manner following: On presentation of a petition in writing, signed by the owners of not less than one-half in value of the property in any territory contiguous to the city, as shown by the last assessment of said property, and not embraced within its limits, the common council of said city may, by ordinance, annex such territory to said city, upon filing and recording a copy of such ordinance, with an accurate map of the territory annexed, certified by the mayor of said city, in the office of the county recorder, in the county where the annexed territory is situated." Section 16–701, A.C.A. 1939.

It is not questioned that the only step remaining to be taken, when petitioner was enjoined from further action in connection with annexation, was the publication of the ordinance and map in the official newspaper of the city as is required for all ordinances "before they become effective and operative".

We held in Skinner v. City of Phoenix, 54 Ariz. 316, 95 P.2d 424, that after the proceedings to effect an annexation of territory to a municipality are completed, a citizen has no standing in court to question the validity thereof and the same can be challenged only by the attorney general or the county attorney through a proceeding in quo warranto. On the other hand, we have ruled that when the annexation has not been completed, a property owner within the area affected may maintain an action to prevent the completion thereof. Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269; Gorman v. City of Phoenix, 70 Ariz. 59, 216 P.2d 400.

The charter of the city of Phoenix provides that all ordinances must be published at least once in the official newspaper of the city before they become effective or operative. Section 14, C. IV, Phoenix City Charter. Section 16–701, supra, does not expressly require as a condition precedent to annexation the publication of the ordinance. It does require, however, that annexation can only be effected by ordinance. Certainly this means a complete and effective ordinance. If it were never published, under the provisions of the city charter it would never become an effective and operative ordinance and consequently the territory would never become a part of the municipality. It necessarily follows that in order to complete the process of annexation and legally incorporate the territory into the city, the ordinance must be published, and until such publication there is no annexation. In harmony with our holding in the Colquhoun and Gorman cases the superior court had the jurisdiction and power to issue the temporary restraining order at any time prior to the final act giving validity to the annexation. We hold that the court is not closed to the citizen to challenge the jurisdiction of the city until the territory becomes a part of the municipality by an ordinance that has the force and effect of law. Cf: Sutherland Statutory Construction, 3rd Ed., section 1607.

We further hold, even though the ordinance may have been published in the interim due to the issuance of our alternative writ, that the matter—having been timely attacked—is not now moot. American Distilling Co. v. City Council, etc., 34 Cal.2d 660, 213 P.2d 704, 18 A.L.R.2d 1247.

The alternative writ of prohibition is quashed.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.