411 P.2d 168

The **TOWN OF PARADISE VALLEY**, Arizona, Patrick C. Downey, Helen E. Marston, Mrs. Harold Holcomb, Robert Temple, Sterling Hebbard, Irvin Miller, and Henry Kiel, Appellants and Cross-Appellees,

v.

Alfred **ACKER** and Wilma Acker, his wife, Appellees and Cross-Appellants.

No. 7395.

Supreme Court of Arizona.

En Banc.

Feb. 16, 1966.

John E. Madden, John S. Schaper, Phoenix, for appellants and cross-appellees.

Roe & Petsch, Scottsdale, for appellees and cross-appellants.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Jerry W. Lawson, former Asst. Atty. Gen., amicus curiae.

SHELLEY, Superior Court Judge.

Appellees and cross-appellants Alfred Acker and Wilma Acker, his wife, the owners of certain real property in Maricopa County, Arizona, brought this action to prevent its annexation to the Town of Paradise Valley. The case was tried in the court below upon Ackers' application for preliminary injunction and resulted in a judgment in favor of the Ackers. The effect of the judgment was to void the annexation. Appellants and cross-appellees are the Town of Paradise Valley and the members of its town council.

Those facts material to the determination of this case may be stated as follows: The Town of Paradise Valley, on June 27, 1961, passed its Ordinance No. 7, purporting to annex certain real property including that owned by appellees. The ordinance on its face was not an emergency measure. By statute in Arizona it is provided that if an ordinance is passed but not duly passed as an emergency measure it shall not become "operative" until thirty days after its passage by the town council and approval by the mayor. A.R.S. § 19–142, subsec. B. This action was brought within the thirty-day period and before the ordinance became operative.

In City of Phoenix v. Lockwood, 76 Ariz. 46, 258 P.2d 431, we held that the courts are not closed to one challenging the jurisdiction of the city to make an annexation until the territory becomes a part of the municipality by an ordinance that has the force and effect of law and that even though the steps necessary to complete the annexation have been taken the action is not moot if it is timely attacked. Our conclusion is that appellees, having filed their action prior to the expiration of the thirty-day period as provided by § 19–142, subsec. B, supra, may prosecute to effect their challenge to the validity of Ordinance No. 7 of the Town of Paradise Valley.

Ordinance No. 7 was passed by the Paradise Valley Town Council at a special meeting held within the City of Phoenix in a

private office and outside the boundaries of the Town of Paradise Valley, Arizona. Appellees contend that the holding of a meeting outside of the town limits was improper and that at such meeting all actions taken were void. Appellants, although admitting that such was perhaps irregular, contend that there is no requirement that the council meetings must be held within the town limits and that the action of the council at the meeting was legal.

Section 9–234, subsec. C, A.R.S., provides:

"The proceedings of the common council *shall be public*." (Emphasis supplied).

 The foregoing statutory requirement must be held to be mandatory and not directory. Certainly, when the statute says the proceedings shall be public, it means public to the citizenry directly concerned, in this case public to the citizens of Paradise Valley, Arizona, without the necessity of their leaving the incorporated limits of the municipality to attend a town council meeting. It does not seem reasonable that a meeting held outside of the town limits can comply with the statutory requirement. If a valid meeting can be held in Phoenix, then why not elsewhere, be it close or far distant?

There is a paucity of cases on this subject. However, in 37 Am.Jur. 669, Municipal Corporations, § 54, we find this statement:

"In the absence of statutory authorization, a municipal council has no authority to hold meetings outside the municipal limits, and all acts and proceedings in such a meeting are void."

In City of Lexington v. Davis, 310 Ky. 751, 221 S.W.2d 659, the Board of Commissioners of the City of Lexington met at the City Hall, being the usual place for holding meetings, and then adjourned to the bedroom of the home of the mayor where the ordinance under attack was passed. The Kentucky Court of Appeals said:

"Let us now look for legislative guidance in the matter. KRS 89.550 provides:

"'The board of commissioners shall meet at least once a week for the transaction of business. It shall fix by ordinance the times of holding its regular meetings. Any special meeting may be called by the mayor or by two commissioners. *All meetings shall be public.*'

"We note the requirements. The Board of Commissioners shall meet at least once a week for the transaction of business. It shall fix by ordinance the times of holding its regular meetings. Provision is made for the calling of special meetings. But note next that the *meetings* shall be *public*. This provision circumscribes the Commissioners and grants to the public a right because

the public is, or should be, interested in what takes place at these meetings.

"We must, therefore, look at the right the public has. * * * No one would attempt to say that there was a deliberate aim upon the part of the Commissioners to meet in secrecy; to conceal anything from the public; to exclude any person; or to mislead the public in any way. There was no concealed activity nor anything done indicative of umbrage. *But a public meeting presupposes the right of the public freely to attend such meetings with the concurrent right freely to express any approval or disapproval of any action or course about to be taken. Anything, which tends to 'cabin, crib or confine' the public in this respect would be destructive of the right* * * *." (First and last emphases supplied.) Id., 221 S.W.2d, at 661.

Most certainly the reasoning in this case is even more applicable here where the meeting was held outside the town limits of the Town of Paradise Valley. Although we do not hold that appellants' purpose in so doing was to be secretive, yet such action cannot be sanctioned. To do so would entirely defeat the requirement that the proceedings of the common council shall be public, which can only mean public to the citizenry of the town from which the council is elected.

We, therefore, hold that Ordinance No. 7 of the Town of Paradise Valley is void and of no force and effect. Having reached the foregoing conclusions, it is unnecessary to consider the other questions raised on the appeal of this case.

The judgment of the lower court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.

NOTE: Justice Lorna E. Lockwood, having disqualified herself, the Honorable Melvyn T. Shelley, Judge of the Superior Court of Navajo County, Arizona, was called to sit in her stead and to participate in the determination of this appeal.