455 P.2d 1004

**Blaine J. LORD, Appellant,**
v.
**CITY OF TUCSON, a municipal corporation, Appellee.**

**No. 2 CA–CIV 606.**

Court of Appeals of Arizona.

June 18, 1969.

Rehearing Denied July 23, 1969.

Jose del Castillo, Tucson, for appellant.

Enos P. Schaffer, City Atty., by William N. Sherrill, Asst. City Atty., Tucson, for appellee.

KRUCKER, Judge.

Appellant petitioner, Blaine J. Lord, sought a writ of prohibition against respondent, appellee, City of Tucson, to enjoin the city from levying and collecting assessments, and from the sale of land thereunder on the ground that the city lacked jurisdiction to confirm the assessment without having first authorized an improvement bond, A.R.S. § 9–636. The writ was denied and petitioner appeals. During the time between denial and appeal, the land was sold at auction.

The facts are somewhat confusing. On March 1, 1966, the City filed an eminent domain action to open and widen a road across part of petitioner's land. On June 6, 1967, a judgment was entered awarding petitioner $6,630 for the taking of his land. Meanwhile, the city also made assessments against the landowners who would use the road to pay for the costs of the improvement. Petitioner was assessed $3,641.70. The statutory scheme for improvements provides that lump sum payments are required and become delinquent once the assessment roll is set and thirty days have passed. A.R.S. § 9–623. However, A.R.S. § 9–636 provides that the city can sell improvement bonds on the property in ques-

tion, allowing the landowner to pay off the assessment in instalments. Petitioner made repeated requests that this be done. The city, however, refused to authorize the bonds. On November 9, 1967, the sale of the land for delinquent assessment was stopped by petitioner's filing a writ of prohibition on the grounds stated. This writ was denied on April 30, 1968. On June 3, 1968, the sale of the land took place. On June 7, 1968, notice of appeal from the denial of the writ was filed. Respondent has moved to dismiss the appeal on the ground that the sale had rendered the questions presented moot.

The initial question is whether the motion to dismiss should be granted. Petitioner argues that the issue is not moot because the right to redeem is still available; that the court may grant equitable relief if the sale was wrongful.

 A question is moot when any action the court may take will have no effect on the parties to the action. Petitioner relies on City of Phoenix v. Lockwood, 76 Ariz. 46, 258 P.2d 431 (1953). In that case, the city sought to annex certain lands under statutory provisions which required a newspaper publication to make their intention legally effective. Prior to publication, petitioner challenged the annexation, and the court held he was timely as the proceedings had as yet no force and effect. The question was not moot.

In the instant case, petitioner attempts to prohibit sale of the land assessed. The sale, however, has taken place and has force and effect as set forth in A.R.S. §§ 9–626 and 9–627. The question of the sale is now moot.

We believe Francis Construction Co. v. Pima County, 1 Ariz.App. 429, 403 P.2d 934 (1965) sets forth a more appropriate rule. The court held that a construction company which had not obtained a stay of proceedings or superseded judgment against it could not challenge the validity of a contract when, during the interim between trial and appeal, the contract had in fact been executed and completed. The

question was then moot and we would not decide it.

In this case, petitioner did not stay the sale or supersede the denial of the writ, and, in fact, did not perfect his appeal until after the sale of the property had taken place. The question of prohibiting the sale became moot.

This does not prejudice petitioner's right to pursue his remedy for wrongful sale of the property.

Appeal dismissed.

HATHAWAY, J., and JOHN P. COLLINS, Superior Court Judge, concur.

NOTE: Chief Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JOHN P. COLLINS was called to sit in his stead and participate in the determination of this decision.