589 P.2d 907

**John E. HOKANSON, Plaintiff/Appellee,**

v.

**HIGH SCHOOL DISTRICT NUMBER EIGHT (8) OF PIMA COUNTY, Arizona, Defendant/Appellant.**

**No. 2 CA–CIV 2928.**

Court of Appeals of Arizona, Division 2.

Nov. 21, 1978.

Rehearing Denied Jan. 3, 1979.

Review Denied Jan. 23, 1979.

Les Gilbertson, Tucson, for plaintiff/appellee.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by John R. McDonald, Tucson, for defendant/appellant.

## OPINION

RICHMOND, Chief Judge.

John E. Hokanson appealed in superior court, pursuant to A.R.S. § 15–264, from the findings of fact, determination of issues, and recommendations of a special hearing commission that preceded his dismissal from his teaching position with High School District No. 8 of Pima County.[1] The trial court entered judgment in favor of Hokanson, ordering his reinstatement with back pay, on the ground that his dismissal was in violation of the open meeting law, A.R.S. § 38–431 et seq. We disagree.

There was no request for findings of fact or conclusions of law in the trial court, and the court did not specify in what respect the open meeting law had been violated. In support of the judgment Hokanson relies on alleged violations by the school district governing board at three separate meetings, held November 18, 1975; January 8, 1976, and April 27, 1976. We regard the first two meetings as critical to our determination. On November 18 the board voted to suspend Hokanson and to serve notice of intention to dismiss him in compliance with A.R.S. § 15–253. On January 8 the board voted to continue Hokanson's suspen-

sion but to rescind its previous action and notice, and to reinstate proceedings with new notice including additional charges.

A.R.S. § 38–431.05 provides that all business transacted during a meeting or public proceedings held in violation of the open meeting law shall be null and void. Because the only business related to Hokanson that was transacted at the April 27 meeting was the rejection of a settlement offer, we need not consider alleged irregularities in those proceedings. Hokanson subsequently was dismissed by the school board at a meeting on June 2, 1976, on the recommendation of the majority of the three-man special hearing commission. It is not contended that the June 2 meeting was conducted in violation of the open meeting law.

The correctness of the judgment, therefore, depends on a violation that would render void the institution of dismissal proceedings on November 18, or reinstitution on January 8. Minutes of the November 18 meeting reflect that the board reconvened in regular session after discussing personnel matters in executive session and the following action was taken:

It was moved by Mead and seconded by Steinebach that Mr. John Hokanson, music teacher at Flowing Wells High School, be immediately suspended from his position as of November 26, 1975, and served notice of the Board's intention to dismiss him in compliance with Arizona Revised Statutes. Cause for dismissal is contained in the attached letter.

Motion carried.

A.R.S. § 38–431.01 provides in pertinent part:

A. All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings.

B. All governing bodies, except for subcommittees, shall provide for the taking of written minutes of all their official meetings. Such minutes shall include, but not be limited to:

---

1. Although not material to our disposition of the case, the appeal lies from the decision of

the governing board, rather than the findings of the commission. A.R.S. § 15–264.

1. The date, time and place of the meeting.

2. The members of the governing body recorded as either present or absent.

3. An accurate description of all [matters] proposed, discussed or decided, and the names of members who propose [and second] each motion.

Limited exceptions for executive sessions are provided in § 38–431.03:

A. This article shall not be construed to prevent governing bodies, upon majority vote of the members constituting a quorum, from holding executive session for only the following purposes:

1. Discussion or consideration of employment, assignment, appointment, promotion, demotion, salaries, disciplining or resignation of a public officer, appointee or employee of any governing body, except that with the exception of salary discussions, an officer, appointee or employee may demand that such discussion or consideration occur at a public meeting.

\*     \*     \*     \*     \*     \*

B. Minutes of executive sessions shall be kept confidential except from members of the governing body which met in executive session.

C. No executive session may be held for the purpose of taking any final action or making any final decision.

■ Although it is uncontroverted that no vote was taken on Hokanson during the executive session on November 18, he contends the minutes are evidence of a violation of the open meeting law in that they do not reflect a discussion of the matter after the board reconvened in regular session. He cites the preamble to the law as originally enacted in 1962:

It is the public policy of this state that proceedings in meetings of governing bodies of the state and political subdivisions thereof exist to aid in the conduct of the people's business. It is the intent of this act that their official deliberations and proceedings be conducted openly. (Laws 1962, Ch. 138 § 1)

He also cites 1974 amendments which, in addition to proscribing executive sessions for the purpose of taking any final action or making any final decision, § 38–431.03, subsection C, supra, added the following definition in § 38–431:

2. "Legal action" means a collective decision, commitment or promise made by a majority of the members of a governing body consistent with the constitution, charter or bylaws of such body, and the laws of this state.

Hokanson relies on language of the supreme court in *Washington School District No. 6 v. Superior Court*, 112 Ariz. 335, 337, 541 P.2d 1137, 1139 (1975):

The statute as amended forbids the members of a governing body from forming committees comprised of their own members which meet secretly to decide a particular matter and thereafter hold a public meeting to take the final necessary legal action.

The court in *Washington School District* referred to *Town of Paradise Valley v. Acker*, 100 Ariz. 62, 411 P.2d 168 (1966), in which it had quoted with approval from *City of Lexington v. Davis*, 310 Ky. 751, 221 S.W.2d 659 (1949):

\*  \*  \* *[A] public meeting presupposes the right of the public freely to attend such meetings with the concurrent right freely to express any approval or disapproval of any action or course about to be taken. Anything, which tends to "cabin, crib or confine" the public in this respect would be destructive of the right \*  \*.* (Emphasis in original) 100 Ariz. at 65, 411 P.2d at 170.

■ Neither *Washington School District* nor *Town of Paradise Valley*, however, dealt with a matter that was expressly authorized as the subject of an executive session. The public's right to know and to participate in the decision-making process frequently comes into sharp conflict with the need for confidentiality in certain areas. The disciplining of employees is one such area, where there is a legitimate need for confidential discussions. A.R.S. § 38–431.03

is clearly intended to establish an equilibrium between the public's desire for access and the governmental agency's need to act in private, short of reaching "a collective decision, commitment or promise." We do not believe the legislature intended on the one hand to authorize a private discussion of personnel matters, and on the other to require a recital of the discussion in public.

Nor are the November 18 minutes themselves a violation of the law. A.R.S. § 38–431.01(B), supra, requires only that the minutes include an accurate description of "all matters . . . discussed," not a description of the discussion, and minutes of executive sessions are expressly excluded by § 38–431.03(B), supra, from the requirement of § 38–431.01(C) that they be open to public inspection.

Finally, Hokanson contends the November 18 minutes disclose a violation because there was no majority vote of the board members to hold the executive session, as required by § 38–431.03. The superintendent testified that such sessions were held by consensus of the board. Inasmuch as no legal action may be taken in the executive session itself, the absence of a formal recorded vote on the holding of such a session, where it is otherwise authorized and there is no contention of a dissenting vote, is at most a technical irregularity and not a violation of the law rendering null and void all business transacted at the meeting.

The January 8 meeting was a special meeting, and the minutes do not reflect any executive session. The superintendent was unable to state when he had posted notice of the meeting but was sure that he had met the statutory requirement of not less than 24 hours' notice. A.R.S. § 38–431.02(C). Hokanson argues that this is refuted by inclusion of an entry dated January 8 in the amended charges. We disagree. Also included were entries dated January 6 and 7, and there is nothing in the statute to prevent the board from considering and including in its amended charges something that was raised for the first time at the meeting itself.

The parties disagree on the potential result of our determination that the open meeting law was not violated. Hokanson argues that we must then address ourselves to the entire record and decide the merits of his appeal from the decision of the special hearing commission. Such a review, however, is for the superior court. See A.R.S. § 15–264, § 41–785. The school district contends that the absence of any finding regarding the special hearing commission requires judgment in its favor on the merits of Hokanson's appeal. We disagree with its position, also. It is clear that the court never proceeded to the merits, once it concluded that institution of the dismissal procedure was void. We regard the judgment as in the nature of summary judgment and while we reverse, we remand for further proceedings.

Reversed and remanded.

HOWARD and HATHAWAY, JJ., concur.