MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Appeal is from an order of the District Court, Thirteenth Judicial District, Yellowstone County, affirming the conviction of defendant Sylvia C. Warden in the Justice Court, Billings Township, of the offense of abuse of a school teacher. For the reasons following, we dismiss the appeal.
*521 On April 12, 1974, a complaint was filed in the Justice Court, Billings Township, Yellowstone County, Montana, alleging that Sylvia C. Warden had on March 29, 1974 purposely or knowingly insulted a school teacher, Lynette Little, on school grounds in that county by calling the teacher an abusive and vulgar name, “a son of a b — ”, in violation of then section 75-6110, R.C.M. 1947, now section 20-4-303, MCA.
Defendant was found guilty upon trial by jury on May 23, 1974. The Justice Court assessed a fine of $50. On May 24, 1974, the defendant filed a written notice of appeal and provided a cash bond in the amount of $50.
The appeal was submitted to the Thirteenth Judicial District Court, Yellowstone County, Montana, upon stipulated facts. From the stipulation, it appears that Sylvia C. Warden was a resident of Yellowstone County, Montana and had a school-aged daughter named Miracle Stapp. At the time of the alleged criminal conduct, the 13-year-old daughter was a student at Lewis and Clark Junior High School in Billings. The alleged violation occurred during the course of an argument between the defendant, as the parent of Miracle Stapp, and her counselor in that school, Lynette Little. There was a confrontation between the two over the alleged treatment of the daughter by Lynette Little regarding judgments she had made concerning the daughter’s clothing and apparel. It was agreed that the name had been called, that the matter had occurred on school grounds, and that Lynette Little was a teacher. The appeal was submitted to the District Court on the sole issue that now section 20-4-303, MCA, was unconstitutional as it was applied to the defendant within the factual context agreed to.
The notice of appeal was filed May 24, 1974. The stipulation of facts is undated, but bears a blank for signature in the month of April 1975. The court on February 10, 1976, issued a briefing schedule order which provided that the matter should become submitted to the court for ruling on March 1, 1976. On December 10, 1976, the district judge issued his order sustaining the constitutionality of the section and dismissing the appeal from the Justice Court.
*522 The Justice Court docket reveals that on December 14, 1976, “[t]he appeal bond in the amount of $50.00 returned to Justice Court and applied to the fine imposed by a trial by jury held in Justice Court.”
Apparently a copy of the District Court order dismissing the appeal was not served upon counsel for the defendant. He learned of its existence on October 3, 1979, and filed notice of appeal to this Court on behalf of the defendant on October 25, 1979.
At the time the notice of appeal to this Court was filed, the judgment of the Justice Court had been executed in that the fine levied against the defendant had been received and paid.
There is no use in our setting out the constitutional arguments upon which the defendant bases her appeal. In the long lapse of time since the incident here occurred, the young high schooler has presumptively grown into young womanhood, the teacher may no longer be a member of the school system at the present time, and the fine levied upon the defendant has long since been paid and deposited in the public treasury. We have no power to order its return. The judgment is executed. A question is moot when any action the court may take will have no affect on the parties to the action. Lord v. City of Tucson (1969), 10 Ariz.App. 54, 455 P.2d 1004.
The appeal is dismissed as moot. Each party shall bear their own costs.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and HARRISON concur.