NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KENNETH KESTENBAUM, *Plaintiff/Appellant*,

*v.*

SARA LYNN FORD, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0071
FILED 10-17-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-004137
The Honorable Connie Contes, Judge (Retired)

**AFFIRMED**

COUNSEL

Focused Appeals PLLC, Mesa
By Austin Martineau
*Counsel for Plaintiff/Appellant*

Beaugureau, Hancock, Stoll & Schwartz, P.C., Phoenix
By David L. Stoll, W. Reed Campbell
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Andrew M. Jacobs and Chief Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1        Kenneth Kestenbaum appeals the superior court's judgment dismissing his veterinary malpractice and negligence claims for failing to submit a preliminary expert opinion affidavit under A.R.S. § 12-2602. Kestenbaum argues his claims are not subject to the affidavit requirement, and § 12-2602 is an unconstitutional restriction on his right to recover damages as well as his rights under Arizona's privileges and immunities clause.   He also argues the court erred in dismissing his claim for declaratory relief on the applicability of related statutes.  For the following reasons, we affirm.

## BACKGROUND

¶2        In April 2020, Kestenbaum's golden retriever dog was taken to a veterinary hospital because the dog's arthritis-related condition was causing pain in its lower back and legs.  With Kestenbaum's authorization, Dr. Ford (a licensed veterinarian) conducted several tests to assess the dog's medical condition and recommend a treatment plan. According to Kestenbaum, upon returning home the dog could not stand or walk, required assistance moving, and was mostly unconscious for the next 24 hours.  Kestenbaum asked Dr. Ford for an explanation, and she allegedly said she and her staff had put the dog in various positions during the tests, including on its back.   Kestenbaum spent thousands of dollars on treatments and corrective measures, but the injuries were deemed irreversible, and the dog had to be euthanized.

¶3        Kestenbaum initially sued Dr. Ford and other veterinary corporate entities (collectively "Defendants") in June 2020 for veterinary malpractice.   Defendants moved to compel compliance with A.R.S. §§ 12-2603 (requiring claimants to serve a preliminary expert opinion if expert testimony is necessary in claims against healthcare professionals) and 12-2604 (listing the expert witness's required qualifications).  Because Kestenbaum did not file the requisite preliminary expert opinion by the superior court's deadline, the case was dismissed without prejudice.

¶4 In April 2022, Kestenbaum re-filed his lawsuit, alleging claims of veterinary malpractice and negligence. Kestenbaum also filed a certification that expert testimony was not necessary to prove Dr. Ford's liability. Defendants filed a controverting certification, asserting expert testimony would be necessary to support Kestenbaum's claims. Defendants then moved to compel compliance with A.R.S. § 12-2602 and argued that for Kestenbaum to prove the prima facie elements of his medical negligence claim, he would need an expert to establish that Dr. Ford's actions breached the applicable standard of care. *See* A.R.S. § 12-2602 (requiring a claimant to file a preliminary expert opinion when suing a licensed professional if expert testimony is necessary).

¶5 Kestenbaum opposed the motion, asserting the statute "places an unconstitutional burden on plaintiffs suing for veterinary malpractice," but regardless, he should not be required to provide the affidavit before discovery. He also moved for partial summary judgment, requesting that the superior court issue a declaratory judgment on the applicability of §§ 12-2603 and 12-2604. Kestenbaum argued this issue was justiciable based in part on the court's prior dismissal of his lawsuit for failure to comply with §§ 12-2603 and 12-2604. He contended that although Defendants were currently relying on § 12-2602, they could still assert that Kestenbaum must comply with §§ 12-2603 and 12-2604, and they should not be "entitled to pick and choose which statute applies to which professional."

¶6 After hearing oral argument on Defendants' motion to compel compliance, the superior court granted the motion. The court ordered Kestenbaum to file the necessary preliminary expert opinion affidavit as required under § 12-2602 within 60 days and stayed further proceedings until then.

¶7 Kestenbaum did not file the affidavit, and the superior court dismissed the case without prejudice in December 2022. Kestenbaum timely appealed, and we have jurisdiction under § 12-2101(A)(3) because the statute of limitations on Kestenbaum's claim has run and relief under a savings statute is not available. *See Olewin v. Nobel Mfg. LLC*, 254 Ariz. 346, 351, ¶ 17 (App. 2023).

## DISCUSSION

### A. Compliance with A.R.S. § 12-2602

¶8 Kestenbaum argues he should not have been required to comply with § 12-2602's requirement (and the superior court's ruling) that

he submit a preliminary expert opinion affidavit within 60 days. He contends the affidavit is "impossible" for him to complete given his lack of detailed evidence about the injury, such as when the dog's paralysis occurred and what caused it. He further asserts that requiring compliance would defeat the purpose of § 12-2602, which he states is "to weed out frivolous claims," because in this case the court dismissed a meritorious claim based on Kestenbaum's lack of information.

¶9　　　　To the extent Kestenbaum's argument depends on the interpretation and application of § 12-2602, we review the court's determination de novo. *See Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 6 (App. 2013). Our review of the applicable statutes "requires us to determine the meaning of the words the legislature chose to use." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 286, ¶ 31 (2023). We make that determination "according to the plain meaning of the words in their broader statutory context." *Id.*

¶10　　　　A claim against a licensed professional means a legal cause of action: (1) asserted against a licensed professional, (2) based on, among other things, the licensed professional's negligence in rendering professional services, and (3) requiring expert testimony to prove the licensed professional's standard of care or liability for the claim. A.R.S. § 12-2601(1). A licensed professional includes a person licensed by this State to practice "a profession or occupation under title 20 or 32." A.R.S. § 12-2601(3).

¶11　　　　In his complaint, Kestenbaum alleges Dr. Ford owed him a duty of care to act with the skill, diligence, and competence of a licensed veterinarian. He asserts the duty included diagnosing the dog's medical conditions, as well as recommending and providing only necessary procedures to treat the dog's medical condition. Kestenbaum alleges Dr. Ford breached this duty by "recommending unnecessary and unwarranted procedures unrelated to" the dog's arthritis treatment and by failing to provide medical treatment in a reasonable and prudent manner.

¶12　　　　Given that Dr. Ford is a licensed veterinarian under A.R.S. § 32-2201(3), she is a licensed professional under § 12-2601(3). And because Kestenbaum alleged claims against Dr. Ford for veterinary malpractice and negligence, the superior court first had to decide whether expert testimony was necessary to prove her standard of care or liability for the claim. *See* A.R.S. § 12-2601(1). Although Kestenbaum suggests his dog may have been injured by simple negligence, which would not require an expert opinion, he does not argue the court abused its discretion in implicitly concluding

that expert testimony will be required to prove the claims alleged against Dr. Ford. *See Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 128, ¶ 14 (App. 2008) (reviewing a superior court's decision on whether expert testimony is necessary for an abuse of discretion); *Hunter Contracting Co., Inc. v. Superior Ct. In & For Cnty. Of Maricopa*, 190 Ariz. 318, 320–21 (App. 1997) (noting that expert testimony is required to prove professional negligence when issues are "strictly within the special and technical knowledge of the profession and not within the knowledge of the average layman").

**¶13** Kestenbaum argues he should not have been required to comply with § 12-2602 because it is impossible to comply with the statutory requirement at this stage of the proceeding. That concern could have formed the basis for a motion for a "good cause" extension of the time to file the affidavit, but Kestenbaum elected not to bring such a motion. Despite not raising that issue below, he contends the court should have extended the compliance date until he could gather more information for the affidavit. However, the court "has broad discretion in ruling on disclosure and discovery matters, and we will not disturb its ruling absent an abuse of discretion." *Link v. Pima Cnty.*, 193 Ariz. 336, 338, ¶ 3 (App. 1998) (citation omitted).

**¶14** Under § 12-2602, if the claimant certifies that expert testimony is necessary, "the claimant shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by [Arizona Rule of Civil Procedure] 26.1." A.R.S. § 12-2602(B). "The court may extend the time for compliance with this section on application and good cause shown." A.R.S. § 12-2602(C). But if the claimant and the licensed professional dispute whether expert testimony is necessary, the court then considers their arguments and, if the court decides expert testimony is necessary, sets a date for compliance with this section. A.R.S. § 12-2602(D), (E). If the claimant fails to file and serve a preliminary expert opinion affidavit in accordance with the court's order, the court must dismiss the claim. A.R.S. § 12-2602(F).

**¶15** The court properly followed § 12-2602(E) and set a 60-day deadline for Kestenbaum's compliance. Because Kestenbaum did not request a "good cause" extension, he has waived any argument that he needed additional time to comply with § 12-2602. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 594, ¶ 26 (App. 2021) (holding that when an argument is not raised below to allow the superior court to address the issue on its merits, "it is waived on appeal"); *see also Bertleson v. Sacks Tierney, P.A.*, 204 Ariz. 124, 128, ¶ 14 (App. 2002) (reasoning that because the claimants "never moved for an extension of time to complete discovery

under A.R.S. § 12-2602(C)[,]" they "failed to avail themselves of the statute's flexibility" and were "in no position to complain now about their need for additional information").

**¶16**        Waiver aside, it was within the superior court's discretion to set the deadline for compliance. *See Link*, 193 Ariz. at 338, ¶ 3. Although Kestenbaum argues it is unfair to require a preliminary affidavit at this stage of the litigation, he could have requested more time but did not do so. In addition, because expert testimony was necessary to prove his claims, Kestenbaum would have had to disclose any such witness and his or her opinion when initial disclosures are due. Ariz. R. Civ. P. 26.1(d), (f). Given that this information must be provided and supplemented under Arizona's disclosure rules, we are not persuaded by Kestenbaum's assertion that § 12-2602's affidavit requirement is unduly onerous simply because limited information may be available at this stage of the proceeding and significant hurdles might exist in hiring an expert to prepare the affidavit. Potential difficulties aside, we cannot deviate from the legislature's plain language in mandating the filing of preliminary expert opinion affidavits in these types of cases.

**¶17**        The purpose of § 12-2602 is to protect licensed professionals from frivolous lawsuits and to ensure claimants "make individualized and informed determinations when naming defendants." *Bertleson*, 204 Ariz. at 128–29, ¶ 19. Thus, the legislature has mandated that the preliminary expert opinion affidavit be filed in the early stages of litigation. *See* A.R.S. § 12-2602(B). And given that disclosures are typically required no later than 30 days after the filing of the first responsive pleading, Ariz. R. Civ. P. 26.1(f)(1), the superior court furthered the statute's purpose by requiring compliance within 60 days of its order staying the proceedings.

**¶18**        Additionally, because Kestenbaum has the dog's medical records and has asserted that Dr. Ford's negligence was "so grossly apparent that a layman would have no difficulty recognizing it[,]" Kestenbaum has effectively admitted there was enough information to obtain a preliminary expert opinion affidavit. Both Arizona Rule of Civil Procedure 26.1(f)(2) and § 12-2602(G) would have allowed (and required) him to supplement the affidavit with evidence he later obtained through discovery. Kestenbaum has not shown the superior court erred in dismissing his claim given his failure to file the required affidavit. *See Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 5 (App. 2017) (reviewing de novo the superior court's dismissal for failure to serve a preliminary expert opinion affidavit as a pleading failure).

### B.     Constitutionality of A.R.S. § 12-2602

¶19     Kestenbaum argues § 12-2602 is unconstitutional as applied because it impinges on his fundamental right of action to recover damages for injuries, and it does not survive a strict scrutiny analysis. "We review the constitutionality of statutes de novo." *State v. Arevalo*, 249 Ariz. 370, 373, ¶ 9 (2020). "Because there is a strong presumption in favor of a statute's constitutionality, the challenging party bears the burden of proving its unconstitutionality." *Id.*; *see State ex rel. Napolitano v. Gravano*, 204 Ariz. 106, 110, ¶ 11 (App. 2002) (noting that the presumption of constitutionality and the plaintiff's burden are present in an "as applied" constitutional challenge).

¶20     Under the Arizona Constitution, plaintiffs have a fundamental right to recover damages for injuries. Ariz. Const. art. 18, § 6. In *Hunter*, 190 Ariz. at 320, 324, we held that an earlier version of § 12-2602 infringed on this fundamental right and thus was subject to a strict scrutiny analysis under Arizona's equal protection clause. *See* Ariz. Const. art. 2, § 13. Relying on that case, Kestenbaum argues § 12-2602 infringes on his fundamental right of action for two reasons: (1) it significantly increases his burden "to require an expert opinion to be readied and presented by the time of the complaint" when tort complaints generally only require a "short and plain statement of the claim showing the pleader is entitled to relief[,]"; and (2) it mandates the dismissal of colorable claims. *See Hunter*, 190 Ariz. at 321–23.

¶21     However, as this court noted in *Bertleson*, § 12-2602 has since been amended to resolve these issues. 204 Ariz. at 126, ¶ 8. First, under the current version, filing of the affidavit is now required at the time of initial disclosures rather than at the time of the complaint. A.R.S. § 12-2602(B). Further, the court may extend a claimant's time for compliance by stipulation of the parties or on a showing of good cause, which Kestenbaum declined to attempt. A.R.S. § 12-2602(C). Therefore, "the legislature has cured the stated problem of requiring the service of an affidavit with the complaint and has provided the [superior] court with ample flexibility to modify the timing of its disclosure." *Bertleson*, 204 Ariz. at 128, ¶ 13. Second, the current version does not mandate dismissal. *Id.* at ¶ 15. It "permits dismissal only (1) after the [superior] court determines that expert testimony is required and the plaintiff failed to comply with an order to provide such evidence, or (2) after the plaintiff has certified that expert testimony is necessary and yet has failed to produce such evidence." *Id.*; A.R.S. § 12-2602(F).

¶22 Dismissal under the current version of § 12-2602 "no more violates the constitution than dismissal based upon a statute of limitations or summary judgment[,]" and § 12-2602 does not infringe upon Kestenbaum's fundamental right to recover damages. *See Bertleson*, 204 Ariz. at 128, ¶ 16. Because § 12-2602 "does not implicate a fundamental right or suspect class, we must uphold it if the Arizona Legislature had a rational basis for enacting it." *Id.* at ¶ 18. As we held in *Bertleson*, § 12-2602 is rationally related to a legitimate state interest because: (1) "the state has a compelling interest in protecting licensed professionals from frivolous lawsuits[,]" and (2) the statute requires claimants to make "individualized and informed determinations when naming defendants." 204 Ariz. at 128–29, ¶ 19 (citation omitted). Kestenbaum has not shown that § 12-2602 violates the equal protection clause.

¶23 Kestenbaum argues *Bertleson* is not controlling because it "erroneously held that a rational basis test should apply." We see no indication that *Bertleson* was wrongly decided and therefore decline to depart from its reasoning. *See White v. Bateman*, 89 Ariz. 110, 113 (1961) (noting that appellate courts adhere to settled precedent "unless the reasons of the prior decisions have ceased to exist or the prior decision was clearly erroneous or manifestly wrong"). Kestenbaum further contends his case is distinguishable from *Bertleson* on its facts; for example, the plaintiffs there agreed that expert testimony was necessary and had received defendant's version of the facts. But *Bertleson's* holding that a rational basis review applies to § 12-2602 was not based on the unique facts of that case. *See* 204 Ariz. at 127–28, ¶¶ 8–18. Thus, Kestenbaum's claim that § 12-2602 is unconstitutional is also subject to rational basis review. We agree with *Bertleson* that the statute has a rational basis and is constitutional as applied to Kestenbaum's claims against Dr. Ford. *See* 204 Ariz. at 129, ¶ 19.

¶24 Kestenbaum also argues *Bertleson* did not consider the burden imposed on plaintiffs as noted by *Hunter*, and *Eastin v. Broomfield*, 116 Ariz. 576, 586 (1977). But in *Hunter*, the burden placed on plaintiffs came from the prior version of § 12-2602, which has since been revised to resolve that issue. 190 Ariz. at 321–22, 324. Kestenbaum also relies on *Eastin*, asserting the cost of the preliminary expert opinion affidavit places a burden on his and other plaintiffs' access to the courts and therefore violates Arizona's privileges and immunities clause. See *Eastin*, 116 Ariz. at 586. That clause prohibits laws "granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Ariz. Const. art 2, § 13. If a statute does not violate a fundamental right or create an invidious classification, "a statute impinging on the equal privileges and

immunities of a class of Arizona residents will be upheld if it has a rational basis." *Tahtinen v. Superior Ct., Pinal Cnty.*, 130 Ariz. 513, 515 (1981).

**¶25**        In *Eastin*, our supreme court held that requiring litigants to post a $2,000 bond in medical malpractice cases violated the privileges and immunities clause because of the increased burden it placed on claimants' access to the courts.  116 Ariz. at 586.  Likewise, Kestenbaum asserts the cost of finding a preliminary expert opinion affidavit is prohibitively high.  In *Tahtinen*, however, the supreme court explained that the statute addressed in *Eastin* lacked a rational basis because even though its purpose was to deter frivolous litigation, the bond provision deterred litigation based on the financial status of litigants.  *Tahtinen*, 130 Ariz. at 515.  This defect was "so great" it could not be said that the statute "rationally furthered a legitimate legislative purpose."  *Id.*  As this court previously determined, § 12-2602 has "a legitimate state interest to which the statute is rationally related."  *See Bertleson*, 204 Ariz. at 129, ¶ 19.  We acknowledge Kestenbaum had difficulty finding a suitable and affordable expert, particularly considering his lack of knowledge regarding the circumstances causing his dog's injury, and that the expected damages for such a case may be limited.  *See Kaufman v. Langhofer*, 223 Ariz. 249, 256, ¶ 31 (App. 2009).  But that difficulty does not mean the statute lacks a rational basis for requiring a preliminary expert opinion affidavit when expert testimony will ultimately be required to prove the malpractice and negligence claims against a licensed professional at trial.

### C.        Declaratory Judgment

**¶26**        Kestenbaum argues the superior court erred in denying his request for declaratory judgment as to whether §§ 12-2603 and 12-2604 apply to veterinary malpractice claims.  To grant a declaratory judgment, there must be a justiciable issue between the parties.  *Thomas v. City of Phoenix*, 171 Ariz. 69, 74 (App. 1991).  "Courts will not hear cases that seek declaratory judgments that are advisory or answer moot or abstract questions[,]" and declaratory relief should be based on existing facts rather those that may arise later.  *Id.* at 74.

**¶27**        According to Kestenbaum, to decide whether § 12-2602 applies, the superior court had to decide whether § 12-2603 applied, as the statutes are mutually exclusive.  *See* A.R.S. §§ 12-2602, -2603.  Defendants, however, moved to compel compliance with § 12-2602, which applies here because Defendants include a licensed professional.  The court resolved the question before it, and properly avoided answering the "abstract question"

of whether § 12-2603 also applied, given that Defendants only requested relief under § 12-2602.

**¶28**        We also reject Kestenbaum's contention that Defendants "cannot moot" the issue of whether §§ 12-2603 and 12-2604 apply by not requesting his compliance with those statutes, as they could later choose to seek compliance. But we decline to address Kestenbaum's request for declaratory relief, which itself is moot. His argument is premised on facts that may or may not arise in the future—Defendants seeking compliance with these statutes at a later date. *See Thomas*, 171 Ariz. at 74. That is not true of the issue before us, as Defendants in fact sought compliance with § 12-2602. "A question is moot when any action the court may take will have no effect on the parties to the action." *Lord v. City of Tucson*, 10 Ariz. App. 54, 55 (App. 1969). Because § 12-2602 applies to this case and Kestenbaum failed to produce a preliminary expert opinion affidavit as required by the court, the answer to whether §§ 12-2603 and 12-2604 applies will not change the order dismissing his claims.

**¶29**        We also disagree with Kestenbaum's assertion that his issue is capable of repetition yet evading review. *See Thomas*, 171 Ariz. at 74 (discussing this exception to the mootness doctrine). "Typically, that exception is applicable when, because of time constraints, an issue that is capable of recurring cannot be decided by the appellate court." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 7 (App. 2012). If a veterinarian did seek to have a plaintiff comply with §§ 12-2603 and 12-2604 in response to a malpractice claim, no time constraints prevent an appellate court from reviewing a superior court's decision on the issue. The superior court did not err in dismissing the action without granting Kestenbaum's request for declaratory relief.

## CONCLUSION

**¶30**        We affirm the superior court's order dismissing Kestenbaum's claim for failure to comply with § 12-2602.

