947 P.2d 892

**HUNTER CONTRACTING CO., INC., an Arizona corporation, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Mark F. Aceto, a judge thereof, Respondent Judge,**

**Joseph J. GRANDINETTI, Real Party in Interest.**

**No. 1 CA–SA 96–0222.**

Court of Appeals of Arizona, Division 1, Department A.

July 24, 1997.

Review Denied Dec. 16, 1997.

Doyle, Winthrop, Oberbillig & West, P.C. by William H. Doyle and Bryan VanMeveren, Phoenix, for Petitioner.

Stinson & Sever, P.A. by William G. Stinson and Dennis A. Sever, Phoenix, for Real Party in Interest.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Eric A. Mark, Phoenix, for Woudenberg Enterprises.

Folk & Associates, P.C. by P. Douglas Folk and Denise H. Troy, Phoenix, for Contractor and Design Professional Amici Curiae.

## OPINION

FIDEL, Judge.

In this special action, we consider the constitutionality of Arizona Revised Statutes Annotated ("A.R.S.") § 12–2602 (Supp.1996), which requires a party asserting a claim against a registered professional or contractor to submit an expert affidavit with the claim. We hold that the statute violates the Equal Protection Clause of the Arizona Constitution.

### I. BACKGROUND

While driving near a construction zone at the intersection of 136th Street and Shea Boulevard in Scottsdale, Arizona, Real Party in Interest Joseph J. Grandinetti struck a barricade lying on its side in the traveled road. Grandinetti later filed the underlying negligence claim against Petitioner Hunter Contracting Co., Inc. ("Hunter"), the contractor in charge, and others for injuries that he attributed to Hunter's failure to maintain a

safe construction site. Hunter moved to dismiss Grandinetti's complaint on the ground that it lacked an accompanying expert affidavit as required by A.R.S. § 12–2602. Finding the statute unconstitutional, the trial court denied Hunter's motion.

Hunter sought review of the trial court's ruling by special action in this court. We accept jurisdiction to resolve a question of first impression concerning the constitutionality of an Arizona statute. *See Matera v. Superior Court,* 170 Ariz. 446, 447, 825 P.2d 971, 972 (App.1992).

## II. EQUAL PROTECTION

■ In Arizona, "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." ARIZ. CONST. art. XVIII, § 6. It is undisputed that article XVIII, § 6 creates a "fundamental right" to pursue a damage action for one's injuries. *See Kenyon v. Hammer,* 142 Ariz. 69, 83, 688 P.2d 961, 975 (1984). The parties dispute whether A.R.S. § 12–2602 infringes upon this right in violation of the Equal Protection Clause.[1]

■ We must decide the disputed question of infringement in order to determine our equal protection standard of review. *Kenyon,* 142 Ariz. at 79, 688 P.2d at 971. If § 12–2602 indeed infringes upon a fundamental state constitutional right, we must review it with strict scrutiny, inquiring whether the statute furthers a compelling governmental interest by the least restrictive practical means; if it does not infringe upon a fundamental right, we need only inquire whether the statute is rationally based—whether it reasonably furthers a legitimate government objective. *Id.* at 78, 86–87, 688 P.2d at 970, 978–79.

■ Section 12–2602 provides in relevant part:

A. A party that asserts a claim against a registered professional or contractor shall file an affidavit with the claim. An expert who is competent, to testify against the registered professional or contractor shall complete the affidavit. The affidavit shall state the following:

1. The acts or omissions on which the claim is based.

2. The factual basis for each claim.

3. How the acts or omissions directly caused or contributed to the damages that are alleged in the claim.

. . . .

E. [I]f a party fails to file an affidavit with the claim the court shall dismiss the claim for failure to state a claim. The party.may not cure the claim by amending the pleadings unless the court determines that the party possessed the affidavit before the claim was filed and failed to file the affidavit with the claim due to excusable neglect or mistake.

By using the term "registered professional," the statute refers to any registered "architect, assayer, engineer, geologist, landscape architect or land surveyor." *See* A.R.S. § 12–2601(3) (Supp.1996).

### A. A Plaintiff Must Hire an Expert Even When None Would Otherwise be Required

Hunter argues that § 12–2602 does not infringe upon the fundamental right to pursue a damage action because it merely requires claimants to produce expert testimony at an earlier stage of proceedings than normally required. Implicit in this argument is the assumption that expert testimony is an essential, indispensable component of any professional negligence claim.

■ This assumption is mistaken. Expert testimony is necessary to prove professional negligence when "the question to be

---

1. The parties have contested the statute under the Equal Protection Clauses of both the state and federal constitutions. As our supreme court found it sufficient in *Kenyon* to resolve such a question on state constitutional grounds alone, we do so likewise in this case. *See Kenyon,* 142 Ariz. at 71, 688 P.2d at 963. Our state Equal Protection Clause provides:

> No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.
>
> ARIZ. CONST. art. II, § 13.

determined is strictly within the special and technical knowledge of the profession and not within the knowledge of the average layman." *Revels v. Pohle,* 101 Ariz. 208, 210, 418 P.2d 364, 366 (1966). But expert testimony is unnecessary to prove professional negligence "when the act or omission comes within the realm of common knowledge." *Id.*; *accord Peacock v. Samaritan Health Servs.,* 159 Ariz. 123, 126, 765 P.2d 525, 528 (App.1988); *see also Faris v. Doctors Hosp.,* 18 Ariz.App. 264, 267–68, 501 P.2d 440, 443–44 (1972) (when facts speak for themselves, a plaintiff may forego expert testimony and prove medical negligence by *res ipsa loquitur*).

Section 12–2602 makes no exception for cases that fall within the realm of common knowledge. Rather, as Hunter concedes, § 12–2602 requires plaintiffs to hire expert witnesses to advance any "claim against a registered professional or contractor," whether or not such an expenditure would otherwise be required.[2] As the supreme court said of a different statute in *Kenyon,* "The statute is quite clear; it is not the type of claim which determines special treatment, it is the identity of the person against whom it is asserted." 142 Ariz. at 77, 688 P.2d at 969.

The burden of hiring an unnecessary expert witness is no abstraction in this case. Grandinetti asserts that Hunter left an unlit barricade on its side in a traveled road. Although it is early to assess Grandinetti's ability to muster facts to support this assertion, it is not too early to recognize his theory of negligence as one likely to be accessible through common knowledge and understanding. Section 12–2602 requires Grandinetti to hire an expert at the outset of a case in which no expert might ever be required.

## B. The Statute Restricts the Plaintiff's Choice of Experts

Section 12–2602 also specifies and restricts what type of expert a plaintiff must present. In cases not governed by this statute, plaintiffs seeking experts are not restricted to those who practice in the same discipline as the defendant. Rather, they may choose from a broader range of candidates, restricted only by the foundational requirement that the expert be qualified by "knowledge, skill, experience, training, or education" to provide the trier of fact with "specialized knowledge" relevant to the issues of the case. Ariz. R. Evid. 702; *see also State v. Roberts,* 139 Ariz. 117, 121–22, 677 P.2d 280, 284–85 (App.1983). Under § 12–2602(D), however, "[t]he expert who completes the affidavit shall be a registered professional or contractor who is licensed to practice [or who teaches] ... in the same discipline as the registered professional or contractor against whom the claim is made."

The impact of this restriction is twofold. First, § 12–2602 excludes from plaintiffs' range of choices potentially probative sources of expert testimony. Second, given professional reluctance to testify against a colleague, it confines plaintiffs to a group of experts least likely to accept a witness role.

## C. An Affidavit at the Outset

We next focus on the requirement that the affidavit be filed at the outset of the case. Hunter asserts that this imposes only minimally on a plaintiff who would file such an affidavit later in the case. We disagree. Even where the plaintiff would eventually hire an expert witness, and even where the plaintiff would eventually choose an expert of the same discipline as defendant, it signifi-

---

**2.** Hunter asserts that other states are governed by certificate of merit laws comparable to ours. Hunter overlooks, however, that other such laws provide exceptions to the expert evidence requirement. *See, e.g.,* Cal.Civ.Proc.Code § 411.35(d) (Deering Supp.1997) (no expert evidence required when party is relying solely on the doctrine of *res ipsa loquitur,* or exclusively on a failure to inform of the consequences); Haw. Rev.Stat. § 672–2.5(b) (1993) (no expert evidence necessary where party intends to rely sole-ly on a failure to inform of the consequences of a procedure); *cf.* Colo.Rev.Stat. Ann. § 13–20–602(2) (1989) (if a certificate of merit is not filed, a defendant who "believes that an expert is necessary to prove ... professional negligence" may move for an order requiring the filing of such a certificate; *Razete v. Preferred Research, Inc.,* 197 Ga.App. 69, 397 S.E.2d 489, 490 (1990) (distinguishing negligence by a professional from professional malpractice and holding expert evidence unnecessary under Ga.Code Ann. § 9–11–9.1 (1993) to prove mere negligence).

cantly increases the plaintiff's burden to require an expert opinion to be readied and presented by the time of the complaint.

 Consider in comparison the procedural obligations ordinarily faced by plaintiffs who assert tort claims. The general rules of pleading are set forth in Rule 8 of the Arizona Rules of Civil Procedure ("ARCP"). Under Rule 8(a)(2), an ordinary tort complaint need contain only "[a] short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not "offer proof ... before discovery." *Boone v. Superior Court*, 145 Ariz. 235, 241, 700 P.2d 1335, 1341 (1985) (quoting *Chipanno v. Champion Int'l Corp.*, 702 F.2d 827, 831 (9th Cir.1983)). And though Rule 11, ARCP, imposes burdens of reasonable inquiry and good faith upon a lawyer or party signing a complaint,[3] the burden of such inquiry is not to demonstrate a *prima facie* case without access to discovery, but only to determine "that a colorable claim exists." *Id.* It is not grounds for dismissal of a colorable claim that "at the time the pleading was filed the attorney had not yet assembled evidence sufficient to make a prima facie case." *Id.* at 242, 700 P.2d at 1342. Rather, Rule 11 deliberately leaves room .for a lawyer pursuing a theory in good faith to develop the theory through discovery processes available after filing suit.

This is not to say that a defendant lacks means under normal rules of procedure to quickly test a plaintiff's *prima facie* case. Under Rule 56, ARCP, a defendant may promptly move for summary judgment and force a plaintiff whose claims depend on expert testimony to demonstrate by expert affidavit an ability to advance the claims. *See*

*McGuire v. DeFrancesco*, 168 Ariz. 88, 90, 811 P.2d 340, 342 (App.1990) (medical malpractice plaintiff must show in response to motion for summary judgment "that expert testimony is available to establish that the provider's treatment fell below the applicable standard of care").[4]

Rule 56 is flexible, however, and permits the trial court to continue an application for summary judgment "to permit affidavits to be obtained or depositions to be taken or discovery to be had or ... make such other order as is just." ARCP 56(f). To expedite proceedings under Rule 56(f), a court may limit the time and scope of discovery to be completed. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2740 (2d ed.1983). But the "major objective" of Rule 56(f) is "to insure that a diligent party is given a reasonable opportunity to prepare his case." *Id.* § 2741; *see also Bobo v. John W. Lattimore, Contractor*, 12 Ariz.App. 137, 141, 468 P.2d 404, 408 (1970) (Rule 56(f) enables the trial court to assure that "each party has had an opportunity to ascertain the true facts."). Thus, apropos of the timing of expert affidavits, a trial court might decide pursuant to Rule 56(f) to defer a plaintiff's response to a motion for summary judgment where the plaintiff's expert could not offer an opinion in good faith without first acquiring facts or documents available only through discovery from the defendant. *See Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56, 63–64 (1988) (trial court abused its discretion in denying plaintiff continuance to respond to summary judgment where plaintiff's expert needed defendants' depositions before rendering opinion).

---

**3.** Rule 11(a) requires a lawyer or party filing a complaint or other pleading to certify by signature "that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

**4.** Additionally, under Rules 26.1(a)(6) and (b), ARCP, each party must disclose within forty days

of the filing of a responsive pleading, and seasonably update thereafter,

> The name and address of each person whom the disclosing party expects to call as an expert witness at trial, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, the qualifications of the witness and the name and address of the custodian of copies of any reports prepared by the expert.

In short, though the rules of civil procedure extend defendants various means to quickly test a plaintiff's *prima facie* case, they also permit the trial court sufficient flexibility and discretion to adjust the pace of summary judgment, discovery, and expert disclosure to the differing needs of individual cases. In contrast, A.R.S. § 12–2602 inflexibly requires an expert affidavit at the outset of any case against a contractor or registered professional, no matter what the circumstances of the case might be.[5]

### D. The Penalty of Dismissal

We next consider mandatory dismissal as an element of A.R.S. § 12–2602. No matter how colorable the claim, no matter how superfluous or premature the affidavit, no matter how necessary discovery might be to the formation of a responsible expert opinion, when a plaintiff files a complaint within that statute without an accompanying expert affidavit, "the court *shall dismiss the claim* for failure to state a claim." A.R.S. § 12–2602(E).[6]

Hunter justifies the expert affidavit requirement as a device to screen out frivolous or groundless claims, and defends its constitutionality by invoking a different screening device upheld as constitutional in *Eastin v.*

*Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977). From 1976 to 1989, Arizona medical malpractice claimants were obliged to submit their claims to medical liability review panels before advancing beyond the complaint in the superior court. *See* A.R.S. § 12–567 (Supp. 1976–77) (repealed by Laws 1989, ch. 289, § 1). The review panel—a superior court judge, a physician or health care provider, and a lawyer—would conduct a hearing and announce, with respect to each malpractice claim against each defendant, whether the evidence supported a judgment for the plaintiff or defendant. A.R.S. §§ 12–567(A), (B), and (F). In *Eastin,* our supreme court upheld the constitutionality of this process. 116 Ariz. at 582–83, 570 P.2d at 750–51. Mandatory dismissal, however, distinguishes the affidavit requirement of § 12–2602 from the panel screening process that *Eastin* approved.

One purpose of medical liability review panels was indeed to screen for non-meritorious claims. A plaintiff who chose to proceed with a claim despite a negative panel assessment faced disclosure of the panel finding to the jury—a prospect that undoubtedly deterred the after-panel advancement of some claims. *See* A.R.S. § 12–567(M).[7] Signifi-

---

**5.** Because A.R.S. § 12–2602 so substantially alters the integrated framework established by court rule for pleadings, discovery, and motion practice, Grandinetti argues that it violates the Separation of Powers Clause of the Arizona Constitution. *See* Ariz. Const. art. III; *see also State ex rel. Collins v. Seidel,* 142 Ariz. 587, 590–91, 691 P.2d 678, 681–82 (1984). We need not decide this question, however, because we resolve this case on equal protection grounds.

**6.** The statute makes only one exception to this requirement. Section 12–2602(B) provides:

A party is not required to file the affidavit under subsection A of this section with the claim if the applicable statute of limitations expires within ten days after the date on which the claim is filed and the party or the party's attorney states under oath that the expert's affidavit could not be prepared on time. If the party does not file the affidavit with the claim pursuant to this subsection, the party shall file the affidavit within forty-five days after the claim is filed. The court on its own motion and after a hearing to determine good cause may extend the time in which a party is required to file an affidavit pursuant to this subsection.

In contrast, some states have attempted to build a measure of flexibility into their certification statutes. For example, the Colorado statute permits a certificate to be filed "within sixty days *after* the service of the complaint" and permits the trial court to "determine[ ] that a longer period is necessary for good cause shown." Colo.Rev.Stat. § 13–20–602(1) (emphasis added).

**7.** The panel process was not only intended to screen out non-meritorious claims, but was also to support and assist plaintiffs bringing meritorious claims. Thus, a defendant who chose to proceed despite a negative panel assessment likewise faced disclosure of the panel finding to the jury—a prospect that promoted settlement of some claims. *See* A.R.S. § 12–567(M). Further, and more important for present purposes, the panel statute implicitly recognized both the difficulty of obtaining expert testimony on an issue of professional negligence and the prematurity of requiring such testimony at the outset of the case. Specifically, when a plaintiff was successful before the panel, the panel was obliged to *"assist the plaintiff in obtaining expert medical testimony"* for any subsequent litigation based upon such claim." *See* A.R.S. § 12–567(J) (emphasis added).

cantly, however, under the medical liability review panel system, a plaintiff *could* proceed to trial, whatever the assessment of the panel. *See* A.R.S. § 12–567(H). And the presence or absence of an option to proceed were of determinative importance to the *Eastin* court. *Eastin,* 116 Ariz. at 580, 570 P.2d at 748. Specifically, the *Eastin* court rejected the argument that obligatory submission to panel review and admission of the panel's finding as evidence at trial violated a plaintiff's right to trial by jury under article II, § 23 of the Arizona Constitution. These elements of the statute, according to the court, "interpose[d] no obstacle to a full contestation of all the issues, and [took] no question of fact from either the court or jury." *Id.* (quoting *Meeker v. Lehigh Valley R.R.,* 236 U.S. 412, 430, 35 S.Ct. 328, 335, 59 L.Ed. 644 (1915)).

Conversely, the *Eastin* court struck down as unconstitutional the one element of the panel statute that did bar a plaintiff from proceeding to trial. Under the panel statute, a plaintiff intending to pursue a claim that had been rejected by the panel was obliged to post a $2,000 cash bond or its equivalent with the clerk of court. *Id.* at 585, 570 P.2d at 753. The statute provided, "If such bond is not posted before the plaintiff proceeds further in the action, the action shall be dismissed." A.R.S. § 12–567(I). This element of the statute, according to *Eastin,* violated article II, § 13 of the Arizona Constitution (the Equal Protection Clause). *Eastin,* 116 Ariz. at 586, 570 P.2d at 754. To make a bond a condition precedent to maintaining a malpractice action denied indigents access to the courts and "place[d] a heavier burden" upon the access of non-indigents. *Id.*

In *Kenyon,* the supreme court explained *Eastin*'s selective approval and disapproval of provisions of the Medical Malpractice Act by highlighting as determinative the question whether the provisions affected the fundamental right to bring the action. 142 Ariz. at 83, 688 P.2d at 975. In the course of this opinion, we have identified four respects in which A.R.S. § 12–2602 infringes upon the fundamental right of plaintiffs to bring an action against contractors or persons defined as "registered professionals." The statute requires such plaintiffs to hire experts in cases where none might otherwise be required. It significantly narrows the range of expert witnesses they may choose from, restricting them to persons of the same discipline as the defendant. It requires them to develop an expert case to the point of opinion-readiness without any benefit of discovery. And it imposes these requirements as a condition precedent to filing the complaint. In each of these respects, the statute places persons suing contractors and registered professionals "under a burden or disability to which other tort claimants are not subjected." *See Kenyon,* 142 Ariz. at 76, 688 P.2d at 968.

### III. STRICT SCRUTINY

We began by explaining how our standard of review depended on the question whether A.R.S. § 12–2602 infringes on the fundamental right to bring a damage action. Because we have answered that question in the affirmative, we must employ "strict scrutiny" to determine whether the statute violates the Equal Protection Clause. *See Kenyon,* 142 Ariz. at 78–79, 688 P.2d at 970–71.

■ Under strict scrutiny analysis, we may find § 12–2602 constitutionally permissible only if it is "necessary to attainment" of a "compelling state interest" and serves that interest "by the least restrictive means practically available." *Id.* at 86–87, 688 P.2d at 978–79 (quoting *Bernal v. Fainter,* 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175 (1984)). Section 12–2602 does not withstand this test.

■ Hunter and supporting *amici curiae* argue that the State has a compelling interest in protecting registered professionals and contractors against frivolous and non-meritorious claims. We will assume the validity of this argument. We cannot find, however, that A.R.S. § 12–2602 is necessary to advance this interest, or that it does so by the least restrictive practical means.

■ We agree with Judge McGregor's comment in special concurrence that the Arizona Constitution does not assure the right to bring a frivolous lawsuit. But A.R.S. § 12–2602 does not burden merely the filing

of frivolous lawsuits; it burdens the filing of all lawsuits against contractors and registered professionals, whatever merit they may have. Further, our legal system already equips litigants with extensive means to filter out frivolous and non-meritorious suits. Under Rule 12, ARCP, defendants may quickly test the facial sufficiency and validity of a complaint; under Rule 56, ARCP, which we have discussed, they may also test a plaintiff's ability to raise a genuine issue of material fact. And though Rules 12 and 56 provide the trial court discretion to allow reasonable amendments or refinements of a claim and reasonable time for discovery before ruling on summary judgment, the trial court may expedite these processes, and may sanction parties or lawyers "who ... engage[ ] in unreasonable, groundless, abusive or obstructionist discovery." ARCP 16(c)(5); *see also* ARCP 16(f); ARCP 26(f); ARCP 37.

We have also discussed Rule 11(a), ARCP, which requires a plaintiff or plaintiff's lawyer to certify that an action is grounded on a reasonable investigation and a good faith belief that a colorable claim exists. Disregard for Rule 11(a) subjects a plaintiff, the plaintiff's lawyer, or both to sanctions, "which may include ... the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee." Additionally, A.R.S. § 12–349 (1992) authorizes the court to award reasonable attorney fees, expenses, and double damages against a plaintiff or attorney who brings a claim without substantial justification or solely for delay or harassment. Similarly, A.R.S. § 12–341.01(C) (1992) provides that "[r]easonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim ... constitutes harassment, is groundless and not made in good faith."

Given all of these mechanisms, we can neither find A.R.S. § 12–2602 a necessary means nor the least restrictive practical means to weed out frivolous or non-meritorious claims against registered professionals and contractors. We do not suggest that no certificate of merit statute could satisfy the requirements of the Arizona Constitution.

We do find, for the reasons stated, that § 12–2602 does not.

## IV. CONCLUSION

Because A.R.S. § 12–2602 infringes on the fundamental right of action and because it fails strict scrutiny analysis, the trial court correctly held it unconstitutional. For the reasons set forth in this opinion, review is granted but relief denied.

NOYES, P.J., concurs.

McGREGOR, Judge, specially concurring:

I concur in the holding that A.R.S § 12–2602 impinges on the fundamental right to recover damages for injuries because it requires all plaintiffs, even those bringing claims that fall within the realm of common knowledge, to present expert testimony and thereby violates the Equal Protection Clause. The broad language of the majority opinion, however, suggests that any certificate of merit statute will violate the Arizona Constitution. I believe we need not go so far, and I am not prepared to do so.

Arizona's Constitution, through article 18, § 6, emphatically assures the right to bring an action to recover damages for injuries. But that protection does not extend to *frivolous* claims since, by definition, those claims do not assert a cause of action and thus are distinguishable from valid causes of action. That distinction lies at the heart of the policies reflected in Rule 11, Arizona Rules of Civil Procedure, which permits the court to impose sanctions against lawyers and parties who bring frivolous claims, and A.R.S. § 12–349, which permits the court to assess damages and award attorney's fees against lawyers and parties who bring claims without substantial justification. Under both the rule and the statute, we look to the time a party files an action to determine whether sanctions should be imposed. Although we could not sanction a party or her lawyer for pursuing the party's constitutional right to bring a cause of action to recover damages, courts can and do impose sanctions in actions brought without basis or for improper purposes. It thus seems evident that a certificate of merit statute that prevents only

frivolous actions from being filed would not violate article 18, § 6 of the Arizona Constitution.

As the majority notes, a number of states have enacted certificate of merit statutes. Those statutes, however, include protections missing from A.R.S. § 12–2602. *See, e.g.,* Cal. Civ. Pro.Code § 411.35 (West Supp. 1997); Colo.Rev.Stat. Ann. § 13–20–602 (West Supp.1997); GA.Code Ann. § 9–11–9.1 (Michie 1993); Haw.Rev.Stat. § 672–2.5 (1993). Whether similar provisions would resolve the problems the majority sees in Arizona's certificate of merit statute should await a consideration of specific provisions in the context of a particular statute.