60 P.3d 703

Arlen M. BERTLESON and Astrida
S. Bertleson, husband and wife,
Plaintiffs–Appellants,

v.

SACKS TIERNEY, P.A., an Arizona pro-
fessional corporation; Andrew Lane De-
Mars and Susan S. DeMars, husband
and wife, Defendants–Appellees.

No. 1 CA–CV 01–0527.

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 26, 2002.

Review Denied June 30, 2003.

The Radacosky Law Firm, P.L.C. By Daniel J. Radacosky, Phoenix, Attorneys for Appellants.

Meyer, Hendricks & Bivens, P.A. By Ed Hendricks and Paul L. Stoller, Phoenix, Attorneys for Appellees.

## OPINION

THOMPSON, Judge.

¶ 1 In this appeal, we determine the constitutionality of Arizona Revised Statutes (A.R.S.) § 12–2602 (2000) under the equal protection and separation of powers clauses of the Arizona Constitution. Section 12–2602 outlines the circumstances that require plaintiffs to disclose preliminary expert opinion evidence for claims against licensed professionals.[1] We hold that A.R.S. § 12–2602 does not violate either equal protection or separation of powers. The trial court's rulings are affirmed in all respects.

---

1. The term "licensed professional" refers to "a person, corporation, professional corporation, partnership, limited liability company, limited liability partnership or other entity that is licensed by this state to practice a profession or occupation under title 20 or 32 or that is admitted to the state bar." A.R.S. § 12–2601(3)(2000).

## BACKGROUND

¶ 2 Arlen M. Bertleson and Astrida S. Bertleson have lived near the TRW Vehicle Safety Systems, Inc. (TRW) plant in Mesa, Arizona since it opened in the early 1990s. By 1992, fires and explosions had begun to occur at that plant. According to the Bertlesons, contaminants released from these explosions and other emissions have harmed them.

¶ 3 In January 1998, the Bertlesons retained Sacks Tierney, P.A. (Sacks Tierney) to: (1) write a demand letter to TRW for compensation for damages to the Bertlesons, their real property, and their personal property, and (2) negotiate a possible settlement with TRW. Sacks Tierney attorney Andrew Lane de Mars (de Mars) delivered a demand letter to TRW in April 1998 and TRW's counsel responded. Sacks Tierney was involved in discussions with TRW about a possible resolution when the Bertlesons terminated the representation by Sacks Tierney. The Bertlesons later filed a complaint against Sacks Tierney, de Mars, and de Mars' wife (collectively, defendants) alleging negligence and breach of contract. The Bertlesons subsequently dismissed the contract claim.

¶ 4 The Bertlesons failed to serve an initial certificate, as required by A.R.S. § 12–2602(A), stating whether expert testimony was necessary to prove their negligence claim against Sacks Tierney. When the parties exchanged Rule 26.1 disclosure statements, the Bertlesons failed to disclose an expert opinion concerning the standard of care or liability. Accordingly, defendants moved to compel disclosure of the Bertlesons' preliminary expert opinion. After the deadline to respond had passed, the Bertlesons moved for a declaration that A.R.S. § 12–2602 was unconstitutional.

¶ 5 The trial court denied the Bertlesons' motion to find the statute unconstitutional and granted defendants' motion to compel the necessary expert opinions. No expert opinion was produced and the Bertlesons' complaint was dismissed. This appeal followed.

## DISCUSSION

### A. Equal Protection

■ ¶ 6 This court reviews de novo challenges to a statute's constitutionality. *3613*

*Ltd. v. Dep't of Liquor Licenses & Control,* 194 Ariz. 178, 182, ¶ 17, 978 P.2d 1282, 1286 (App.1999). Our analysis begins with the presumption that A.R.S. § 12–2602 is constitutional. *Chevron Chem. Co. v. Superior Ct.,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982). We will not declare a statute unconstitutional unless we are "satisfied beyond a reasonable doubt" that it conflicts with the federal or state constitutions. *Id.* Moreover, we must consider "whether a limiting construction could be placed on the statute to cure [any] constitutional infirmity." *State v. Steiger,* 162 Ariz. 138, 145, 781 P.2d 616, 623 (App. 1989).

■ ¶ 7 The Equal Protection Clause of the Arizona Constitution provides:

> No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.

Ariz. Const. art. 2, § 13. Any statute that "is aimed at limiting a fundamental right" or "discriminates among individuals based on a 'suspect class' " is subject to strict scrutiny under this clause. *Ariz. Downs v. Ariz. Horsemen's Found.,* 130 Ariz. 550, 555, 637 P.2d 1053, 1058 (1981). If it does neither, we will uphold the statute if it has any conceivable rational basis that furthers a legitimate governmental interest. *Id.*

### 1. Section 12–2602 Does Not Infringe upon a Fundamental Right

■ ¶ 8 This court held that a prior version of A.R.S. § 12–2602 infringed upon a plaintiff's fundamental right to sue for damages for injuries and did not survive strict scrutiny. *See Hunter Contracting Co. v. Superior Ct.,* 190 Ariz. 318, 947 P.2d 892 (App. 1997). In 1999, however, the Arizona Legislature amended the statute to address the concerns enunciated in *Hunter.* Section 12–2602 now provides in relevant part:

> A. If a claim against a licensed professional is asserted in a civil action, the claimant or the claimant's attorney shall

certify in a written statement that is filed and served with the claim whether or not expert opinion testimony is necessary to prove the licensed professional's standard of care or liability for the claim.

B. If the claimant or the claimant's attorney certifies pursuant to subsection A that expert opinion testimony is necessary, the claimant shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by rule 26.1, Arizona rules of civil procedure. The claimant may provide affidavits from as many experts as the claimant deems necessary. The preliminary expert opinion affidavit shall contain at least the following information:

1. The expert's qualifications to express an opinion on the licensed professional's standard of care or liability for the claim.

2. The factual basis for each claim against a licensed professional.

3. The licensed professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.

4. The manner in which the licensed professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

. . .

F. The court, on its own motion or the motion of the licensed professional, shall dismiss the claim against the licensed professional without prejudice if the claimant fails to file and serve a preliminary expert opinion affidavit after the claimant or the claimant's attorney has certified that an affidavit is necessary or the court has ordered the claimant to file and serve an affidavit.

As revised, A.R.S. § 12–2602 infringes upon no fundamental right.

### a. The Statute Does Not Mandate An Expert Opinion

¶ 9 The *Hunter* court's primary objection to the statute was that it required plaintiffs to hire an expert witness even when one would not be necessary. 190 Ariz. at 320–21, 947 P.2d at 894–95. The current version contains no such mandate. Rather, this version requires plaintiffs to file a certificate stating whether or not expert testimony is necessary to support any claim in the complaint. *See* A.R.S. § 12–2602(A). In the event of a dispute over whether expert testimony is required, the court will make the determination. A.R.S. § 12–2602(E).

¶ 10 In any event, the *Hunter* court's objection is not at issue in this case. Here, the Bertlesons do not even challenge that expert testimony would be necessary to support their malpractice claim against Sacks Tierney. Therefore, A.R.S. § 12–2602(A) does not impose any additional burden upon the Bertlesons.

### b. The Statute Does Not Restrict the Plaintiffs' Choice of Experts

¶ 11 In *Hunter*, we also found problematic the statute's requirement that the expert providing the affidavit "practice in the same discipline as the defendant." 190 Ariz. at 321, 947 P.2d at 895 (analyzing former A.R.S. § 12–2602(D)). The amended statute no longer contains this requirement. Consequently, this provision provides no basis for finding the infringement of a fundamental right.

### c. The Statute Does Not Require Service of an Expert Affidavit with the Complaint

¶ 12 Another ground for invalidating the earlier version of A.R.S. § 12–2602 was that it required the plaintiff to file and serve the expert affidavit with the complaint. Specifically, the prior opinion reflected concerns as to the timing of disclosure and the lack of flexibility afforded to the trial court. *Hunter*, 190 Ariz. at 322–23, 947 P.2d at 896–97. The Bertlesons contend that the statute still "requires the plaintiff to offer an expert affidavit before having the benefit of discovery."

¶ 13 We disagree. The current version states that if expert testimony is required, the plaintiff need not file the affidavit until the time for initial disclosures. A.R.S. § 12–2602(B). Moreover, the plaintiff may delay service by demonstrating good cause to the trial court or by stipulating with the parties to the claim. A.R.S. § 12–2602(C). Under

A.R.S. § 12–2602(G), the plaintiff may also supplement the expert's preliminary opinion affidavit and the claim as necessary. In sum, the legislature has cured the stated problem of requiring the service of an affidavit with the complaint and has provided the trial court with ample flexibility to modify the timing of its disclosure.

¶ 14 In any event, the issue of premature affidavit disclosure did not arise in this case. The Bertlesons received a disclosure from defendants containing de Mars' version of the facts before the trial court ordered them to supply the missing affidavit. The Bertlesons never explained what additional information they required and never moved for an extension of time to complete discovery under A.R.S. § 12–2602(C). Having failed to avail themselves of the statute's flexibility, the Bertlesons are in no position to complain now about their need for additional information.

### d. The Statute Does Not Mandate Dismissal

¶ 15 Finally, the *Hunter* court found the earlier version of the statute invalid because it mandated dismissal when a plaintiff failed to serve an expert opinion affidavit with the complaint. 190 Ariz. at 323–24, 947 P.2d at 897–98 (analyzing former A.R.S. § 12–2602(E)). The current statute permits dismissal only (1) after the trial court determines that expert testimony is required and the plaintiff failed to comply with an order to provide such evidence, or (2) after the plaintiff has certified that expert testimony is necessary and yet has failed to provide such evidence. A.R.S. § 12–2602(F). At all times, the trial court maintains the ability to determine the date for compliance with the affidavit requirement. A.R.S. § 12–2602(C), (E).

¶ 16 The statute permits dismissal after it is admitted by the plaintiff or determined by the court that expert opinion testimony is required. A plaintiff cannot lose a claim by being required to produce evidence she or he would otherwise not have had to produce. Dismissal under these circumstances no more violates the constitution than dismissal based upon a statute of limitations or summary judgment. *See Rutledge v. State,* 100 Ariz. 174, 180, 412 P.2d 467, 471–72 (1966) (rejecting a constitutional challenge to a statute of limitations). We reject the Bertlesons' argument that A.R.S. § 12–2602 infringes upon their fundamental right to sue for damages.

### 2. Section 12–2602 Does Not Implicate a Suspect Class

¶ 17 The Bertlesons appear to contend that the statute violates the equal protection clause by discriminating between licensed professionals and other defendants. No suspect class is at issue here. *See In re Hoover,* 161 Ariz. 529, 533 n. 6, 779 P.2d 1268, 1272 n. 6 (1989)("Lawyers are not a suspect class within the meaning of equal protection jurisprudence.") Strict scrutiny does not apply to the current version of A.R.S. § 12–2602. *See id.*

### 3. A.R.S. § 12–2602 Is Rationally Based and Furthers a Legitimate State Interest

¶ 18 Because A.R.S. § 12–2602 does not implicate a fundamental right or a suspect class, we must uphold it if the Arizona Legislature had a rational basis for enacting it. *See Goodyear Farms v. City of Avondale,* 148 Ariz. 216, 219, 714 P.2d 386, 389 (1986) (holding that an annexation statute was rational and fostered the state's legitimate interests in the orderly and prosperous growth of Arizona's cities and towns). We will find an equal protection violation "only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective." *Kenyon v. Hammer,* 142 Ariz. 69, 78, 688 P.2d 961, 970 (1984) (citing *McGowan v. Maryland,* 366 U.S. 420, 425, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961)).

¶ 19 In *Hunter,* we accepted for purposes of argument that the state has a compelling interest in protecting licensed professionals from frivolous lawsuits. 190 Ariz. at 324, 947 P.2d at 898; *see also AA Mechanical v. Superior Ct.,* 190 Ariz. 364, 367, 948 P.2d 492, 495 (App.1997) (Thompson, J., dissenting) (discussing legislative concerns regarding frivolous lawsuits against licensed pro-

fessionals). Even if that interest were not compelling, there is certainly a legitimate state interest to which the statute is rationally related. As a result of the statutory requirements, plaintiffs filing claims against registered professionals must "make individualized and informed determinations when naming defendants." *AA· Mechanical,* 190 Ariz. at 367, 948 P.2d at 495 (Thompson, J., dissenting). We affirm the trial court's determination that A.R.S. § 12–2602 does not violate the Equal Protection Clause.

## B. Separation of Powers

¶ 20 The Bertlesons further argue that A.R.S. § 12–2602 violates the Separation of Powers Clause of the Arizona Constitution by encroaching upon the Arizona Supreme Court's rulemaking authority. We disagree.

¶ 21 Article 3 states:

> The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

In addition, Section 5 of Article 6 states that the supreme court "shall have ... [p]ower to make rules relative to all procedural matters in any court." The legislature may not enact "a statutory rule that 'conflict[s with] or ... tends to engulf a general rule ...' adopted by the court pursuant to its exclusive power to make [procedural] rules." *State v. Nihiser,* 191 Ariz. 199, 202, 953 P.2d 1252, 1255 (App.1997) (citation omitted). The legislature can, however, create " 'statutory arrangements which seem reasonable and workable' and which supplement the [supreme court's] rules." *Id.* (quoting *State ex rel. Collins v. Seidel,* 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984)).

¶ 22 Nothing in A.R.S. § 12–2602 is in conflict with or engulfs our supreme court's rulemaking power. Contrary to the Bertlesons' allegations, neither Rule 26.1 nor Rule 16(c) require disclosures at a time different than what is provided for in A.R.S. § 12–

2602. The statute provides for disclosure of preliminary expert opinions—consistent with Rule 26.1(a)—at the time for serving disclosure statements in accordance with Rule 26.1(b)(1). The Rule 16(c) pretrial conference procedures for medical malpractice cases also pose no conflict. The current version of A.R.S. § 12–2602 supplements the procedural rules and does not violate the separation of powers clause. *See Nihiser,* 191 Ariz. at 203, 953 P.2d at 1256 (upholding a statutory scheme that provided an adequate basis for assuring the accuracy and reliability of blood samples because it neither conflicted with nor tended to engulf the evidentiary rules on admissibility).

## CONCLUSION

¶ 23 For the above stated reasons, we affirm the trial court's determination that A.R.S. § 12–2602 is constitutional and affirm the dismissal of the Bertlesons' negligence claim.

CONCURRING: E.G. NOYES, JR., Judge and SHELDON H. WEISBERG, Judge.