209 P.3d 176

Gabor JILLY, M.D. and Jane Doe Jilly; Federico T. Florendo, M.D. and Jane Doe Florendo; Hitesh K. Movalia, M.D. and Jane Doe Movalia, Petitioners,

v.

The Honorable Douglas L. RAYES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Jason Carter, surviving spouse of Cora L. Carter, deceased; and Jason Carter, Jr., Jasmine Carter and Daishia Carter, minor children of the decedent, Donnie Davis and Janice Davis, surviving parents of the decedent, Real Parties in Interest.

No. 1 CA–SA 08–0269.

Court of Appeals of Arizona, Division 1, Department B.

April 30, 2009.

Jennings, Strouss & Salmon, P.L.C. By Jay A. Fradkin And John J. Egbert, Phoenix, Attorneys for Petitioners Gabor Jilly, M.D. And Jane Doe Jilly.

The Cavanagh Law Firm By Mary G. Pryor, Phoenix, Attorneys for Petitioners Hitesh K. Movalia, M.D. And Jane Doe Movalia.

Holloway, Odegard, Forrest & Kelly, P.C. By Stephen Paul Forrest And Heather L. Bohnke, Phoenix, Attorneys for Petitioners Federico T. Florendo, M.D. And Jane Doe Florendo.

Law Offices of Paul J. Sacco, P.C. By Paul J. Sacco, Tempe, Attorneys for Respondent–Real Parties in Interest.

## OPINION

THOMPSON, Judge.

¶1 We herein uphold Arizona Revised Statutes (A.R.S.) § 12–2603 (2008), which provides that a plaintiff suing a health care professional is to certify whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability, and, if expert opinion testimony is necessary, requires service of a "preliminary expert opinion affidavit" with the initial disclosures, unless the court extends the time for compliance under certain circumstances. We therefore reverse the trial court's judgment and direct further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In February 2008, the plaintiffs filed a complaint in superior court alleging that the defendant doctors committed medical malpractice, causing the death of twenty-eight year old Cora Carter following cardiac surgery. In June 2008, the defendant doctors filed a motion to enforce, requesting the trial court to require the plaintiffs to comply with A.R.S. § 12–2603 by certifying whether expert testimony was necessary to prove the standard of care or liability issues in the case. The plaintiffs opposed the motion, arguing that the statute is unconstitutional because it infringes on the rulemaking authority of the Arizona Supreme Court. The trial court denied the defendants' motion to enforce, and this special action followed. We accepted special action jurisdiction because this case presents an issue of statewide importance. *See State ex rel. Woods v. Block*, 189 Ariz. 269, 272, 942 P.2d 428, 431 (1997) (citations omitted).

## DISCUSSION

¶3 Section 12–2603 provides, in relevant part:

A. If a claim against a health care professional is asserted in a civil action, the claimant or the party designating a nonparty at fault or its attorney shall certify in a written statement that is filed and served with the claim or the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the

health care professional's standard of care or liability for the claim.

**B.** If the claimant ... certifies pursuant to subsection H of this section that expert opinion testimony is necessary, that party shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by rule 26.1, Arizona rules of civil procedure.[1] ... The preliminary expert opinion affidavit shall contain at least the following information:

1. The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.

2. The factual basis for each claim against a health care professional.

3. The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.

4. The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

. . . .

Rule 16(c), Arizona Rules of Civil Procedure, entitled "Scheduling and Subject Matter at Comprehensive Pretrial Conferences in Medical Malpractice Cases," provides that at the pretrial conference, the trial court will determine a schedule for the disclosure of standard of care and causation expert witnesses. The rule provides that "[e]xcept upon good cause shown, such disclosure shall be simultaneous and within 30 to 90 days after the conference, depending upon the number and complexity of the issues."

¶ 4 We review de novo challenges to a statute's constitutionality and "will not declare a statute unconstitutional unless we are 'satisfied beyond a reasonable doubt' that it conflicts with the federal or state constitutions." *Bertleson v. Sacks Tierney, P.A.,* 204 Ariz. 124, 126, ¶ 6, 60 P.3d 703, 705 (App. 2002) (quoting *Chevron Chem. Co. v. Superior Ct.,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982)). This court will give a statute a constitutional construction when it is possible

to do so. *Readenour v. Marion Power Shovel,* 149 Ariz. 442, 445, 719 P.2d 1058, 1061 (1986) (citing *Ariz. Downs v. Ariz. Horsemen's Found.,* 130 Ariz. 550, 554, 637 P.2d 1053, 1057 (1981)).

¶ 5 In *Bertleson,* we held that a similar statute, A.R.S. § 12–2602 (2000), which required plaintiffs to disclose preliminary expert opinion evidence in cases against licensed professionals, was constitutional. 204 Ariz. at 129, ¶ 23, 60 P.3d at 708. In *Bertleson,* the plaintiffs similarly argued that the statute at issue was unconstitutional because it infringed on the Arizona Supreme Court's rulemaking authority. *Id.* at 129, ¶ 20, 60 P.3d at 708. This court held that A.R.S. § 12–2602 did not conflict with our supreme court's rulemaking power:

Nothing in A.R.S. § 12–2602 is, in conflict with or engulfs our supreme court's rulemaking power. Contrary to the Bertlesons' allegations, neither Rule 26.1 nor Rule 16(c) require disclosures at a time different than what is provided for in A.R.S. § 12–2602. The statute provides for disclosure of preliminary expert opinions—consistent with Rule 26.1(a)—at the time for serving disclosure statements in accordance with Rule 26.1(b)(1). The Rule 16(c) pretrial conference procedures for medical malpractice cases also pose no conflict. The current version of A.R.S. § 12–2602 supplements the procedural rules and does not violate the separation of powers clause.

*Id.* at ¶ 22 (citation omitted).

¶ 6 In this case, the trial court found that A.R.S. § 12–2603 directly conflicts with Arizona Rules of Civil Procedure 16(c) and 26.2(b). The court focused on Rule 16(c)'s provision for the simultaneous disclosure of expert witnesses thirty to ninety days after the pretrial conference. However, although the trial court found that A.R.S. § 12–2603 and Rule 16(c) could not be harmonized, we note that the statute's requirement is "preliminary." The statute requires a "preliminary expert opinion affidavit," but does not require that the expert giving the prelimi-

---

1. Rule 26.1(b)(1), Arizona Rules of Procedure, states that the parties shall make initial disclosures within forty days after the filing of a

responsive pleading to the complaint unless the parties otherwise agree or the Court shortens or extends the time for good cause.

nary affidavit serve as the expert at trial. Instead, the preliminary expert opinion is provisional, and meant to certify that the action against the medical professional is not meritless. *See Bertleson* at ¶ 19 ("[T]he state has a compelling interest in protecting licensed professionals from frivolous lawsuits.") (citation omitted). The trial court's concern that "because Plaintiffs are forced to disclose their expert pursuant to A.R.S. § 12–2603, their expert is now 'known' and subject to deposition by the Defendants" is ameliorated by the preliminary status of the affidavit.

¶ 7 Finally, we note that A.R.S. § 12–2603(C) gives the trial court the discretion to extend the statute's timeframe:

> The court may extend the time for compliance with this section on application and good cause shown or by stipulation of the parties to the claim. If the court extends the time for compliance, the court may also adjust the timing and sequence of disclosures that are required from the health care professional against whom the claim is asserted or the designated nonparty at fault.

Because A.R.S. § 12–2603 does not conflict with our supreme court's rulemaking authority [2], we find that the statute is constitutional.

## CONCLUSION

¶ 8 For the foregoing reasons, we reverse the decision of the trial court and direct further proceedings consistent with this opinion.

CONCURRING: MAURICE PORTLEY, Presiding Judge and PETER B. SWANN, Judge.

---

**2.** We note that the Arizona Supreme Court has recently issued *Seisinger v. Siebel, M.D.*, 220 Ariz. 85, 90, ¶ 19, 203 P.3d 483, 488 (2009), which holds that while A.R.S. § 12–2604(A) directly conflicts with Arizona Rule of Evidence 702, it is substantive in nature and therefore not violative of separation of powers, because it is within legislative competency. That case does not affect our analysis.