NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PETER STROJNIK, *Plaintiff/Appellant,*

*v.*

KASHYAP HOTELS, LLC, dba AMERICA'S BEST VALUE INN
PRESCOTT VALLEY; RED LION HOTELS CORPORATION,
*Defendants/Appellees.*

No. 1 CA-CV 21-0043
FILED 11-9-2021

Appeal from the Superior Court in Yavapai County
No. V1300CV202080186
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Peter Strojnik, Phoenix
*Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By William D. Holm, David C. Potts, Mariah Logan, Elizabeth B. N. Garcia
*Counsel for Defendants/Appellees Kashyap Hotels LLC, America's Best Value
Inn Prescott Valley*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By Sean P. Healy, Nicholas James Walter
*Counsel for Defendant/Appellee Red Lion Hotels Corporation*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1 Peter Strojnik, a self-represented former lawyer, appeals from the dismissal of his complaint with prejudice, the denial of his motion to amend his complaint, and the superior court's decision to designate him a vexatious litigant. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Strojnik brought a six-count complaint in Yavapai County superior court against Red Lion Hotels Corporation and Kashyap Hotels dba America's Best Value Inn (collectively, the Hotels). Strojnik alleged the Hotels denied him full and equal enjoyment of the premises in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213. Strojnik specifically alleged: (1) violations of the ADA; (2) negligence; (3) failure to disclose on website; (4) "consumer fraud—brand deceit"; (5) civil conspiracy to commit fraud; and (6) aiding and abetting.

¶3 The Hotels first successfully moved to dismiss the complaint with prejudice under Rule 12(b)(6) of the Arizona Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Red Lion later successfully moved to have Strojnik designated a vexatious litigant under A.R.S. § 12-3201. The superior court implicitly denied Strojnik's motion to amend his complaint and filed a final judgment under Rule 54(c). Strojnik timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1, .5(b).

### ANALYSIS

¶4 Because ours is just the latest decision to address repeated deficiencies in Strojnik's ADA claims, we resolve his issues succinctly.

**I.      We affirm the superior court's dismissal of Strojnik's case.**

**A.      Because Strojnik alleged no injury in fact, he lacks ADA standing.**

**¶5**      This court reviews *de novo* whether Strojnik has standing and whether the superior court correctly granted the motion to dismiss. *See Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562, ¶ 16 (App. 2003) (standing); *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7–8 (2012) (dismissal). Because Strojnik was not "entitled to relief under any interpretation of the facts susceptible of proof," we affirm the dismissal. *See Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 464, ¶ 7 (App. 2007) (citation omitted).

**¶6**      ADA plaintiffs must establish standing by showing: (1) they suffered an "injury in fact"; (2) the injury and the defendants' conduct are "causal[ly] connect[ed]"; and (3) the court likely can redress the alleged injury with a decision in the plaintiffs' favor. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Arizona state courts generally defer to the federal courts' interpretation of federal law. *Cimarron Foothills Cmty. Ass'n v. Kippen*, 206 Ariz. 455, 458, ¶ 6 (App. 2003).

**¶7**      The first element of standing requires Strojnik to have "a distinct and palpable injury." *See Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140, ¶ 6 (2005) (citation omitted). We need go no further in our analysis. Rather than showing a distinct and palpable injury, Strojnik—as he has done before—pleads vague disabilities, vague restrictions, and vague connections to the hotel properties. *See Strojnik v. Driftwood Hospitality Mgmt. LLC*, CV-20-01532-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021). The mere inclusion of hotel photos with vague captions, such as "[n]on-fixed pool lift" and "inaccessible check in counter," is inadequate when Strojnik obfuscates his own particular restrictions. As noted by the Federal District Court in Arizona:

> The deeper issue with Mr. Strojnik's Complaints is whether he demonstrates an injury-in-fact. He does not. Instead of explaining how the alleged ADA violations prevent him from full and equal access to the hotels, Mr. Strojnik makes vague statements about his disabilities, and it is anybody's guess how the particular hotel features . . . actually impact him.

*Id.* Various courts have called Strojnik's ADA cases inadequate cookie-cutter lawsuits. *See, e.g., Strojnik v. State ex rel. Brnovich*, 1 CA-CV 20-0423,

2021 WL 3051887, at *1, ¶ 2 (Ariz. App. July 20, 2021) (mem. decision) ("cookie cutter"); *Strojnik v. Portola Hotel, LLC*, 19-cv-07579-VKD, 2021 WL 4172921, at *2 (N.D. Cal. Sept. 14, 2021) (citing Strojnik's long history of filing inadequate ADA claims with non-specific allegations leading to dismissal); *Strojnik v. State Bar of Ariz.*, 446 F. Supp. 3d 566, 570 n.3 (D. Ariz. 2020); *Advocs. for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) (litigating "minor, even trivial" ADA violations in an "extortionate" manner). This case is no different.

¶8        On appeal, we currently have this case from Strojnik and one other, *Strojnik v. FlagExpress*, 1 CA-CV 21-0074. Our review of the complaints from both cases shows the same cut-and-paste problems. *See* Ariz. R. Evid. 201 (taking judicial notice). Not only has Strojnik failed to address the procedural and jurisdictional deficiencies in his nearly 2,000 previous complaints, even his typographical errors are unchanged. Strojnik's complaint here even acknowledges the generic nature of each filing in a footnote, where he admits "the referenced violations *were not necessarily encountered* at Defendant's Hotel." (Emphasis added.) Our decisions addressing both cases are noticeably similar but only because Strojnik has filed the same type of "cookie cutter" lawsuit here. *See Brnovich*, 1 CA-CV 20-0423, at *1, ¶ 2.

¶9        We further decline Strojnik's invitation to use our "common sense" to fill in the holes in his inadequate pleadings. *See Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 326 n.2 (App. 1998). When no current injury is capable of redress, a plaintiff has no standing. *Karbal v. Ariz. Dep't of Revenue*, 215 Ariz. 114, 118, ¶ 19 (App. 2007). In short, Strojnik's ADA claim here is deficient as a matter of law.

### B.        Strojnik's state law claims fail.

¶10        Strojnik raises two sets of state law claims. In the first set, he alleges the Hotels engaged in a series of fraud-related torts resulting from an unlawful franchise agreement between Kashyap and Red Lion. And the remainder of his state law claims hinge on his ADA claim. Because both sets of claims are deficient as a matter of law, we affirm their dismissal.

### 1.        Strojnik's fraud-related tort claims are baseless.

¶11        Strojnik argues the Hotels committed "consumer fraud—brand deceit" under the Arizona Consumer Fraud Act (ACFA) when Kashyap entered into a franchise agreement with Red Lion, permitting Kashyap to license the name "America's Best Value Inn." *See* A.R.S. § 44-1522.A. Strojnik further asserts this agreement allowed Kashyap to engage

in "a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as . . . Red Lion." We disagree.

¶12        To state a claim under the ACFA, Strojnik's complaint must sufficiently allege the Hotels' franchise agreement was fraudulent and the agreement injured him. *See Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 825–26, 831 (D. Ariz. 2016) (explaining the ACFA's prohibition against "fraudulent, deceptive, or misleading conduct in connection with the sale or advertisement of consumer goods and services" requires plaintiffs to sufficiently allege the misrepresentation injured them). Instead, like his ADA claim, he only made conclusory statements about how the Hotels' conduct injured him, saying, he "justifiably relied on Kashyap's false self-identification to his damage." The ACFA requires something more. *See, e.g.*, *Lorona v. Ariz. Summit Law Sch.*, 188 F. Supp. 3d 927, 936–37 (D. Ariz. 2016) (law school graduate's complaint sufficiently alleged her reliance on her law school's misrepresentation of its graduate statistics damaged her because she was unemployable after graduating); *Cheatham*, 161 F. Supp. 3d at 831 (customer's complaint sufficiently alleged she was damaged by her security system provider's misrepresentation because she had to pay out-of-pocket expenses after discovering the fraud).

¶13        Strojnik also cannot prevail under either his civil conspiracy or aiding and abetting claims because each requires him to prove an underlying tort. *See, e.g.*, *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 498, ¶¶ 99–101 (2002) (civil conspiracy); *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phx., Inc.*, 197 Ariz. 535, 545, ¶ 42 (App. 2000) (aiding and abetting). And because he based both claims solely off his deficient ACFA claim, the superior court did not err in dismissing these claims.

### 2.        Strojnik's state law claims hinging on his ADA claim fail.

¶14        Strojnik's remaining state law claims hinge on his ADA claim. But the ADA does not provide any support for these claims. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020). For instance, Strojnik's negligence claim fails because the ADA does not establish an "independent duty of care." *See id.* And Strojnik cannot prevail under his claim of failure to disclose because he did not show how he could not reasonably discover the Hotels' alleged "non-compliance with the ADA" on his own. *See Lerner v. DMB Realty, LLC*, 234 Ariz. 397, 403–04 (App. 2014) (A party is not entitled to relief if "the undisclosed or partially disclosed fact concerns a matter that would-be buyers reasonably can

discover on their own."). On the contrary, Strojnik readily discovered the alleged ADA violations on his own—as evidenced by the photos he used in his complaint to support his ADA claim—and he, therefore, cannot prevail on his failure to disclose claim.

**¶15**        Accordingly, the superior court did not err in dismissing Strojnik's state law claims.

## II.    The superior court did not abuse its discretion when it denied Strojnik's motion to amend.

**¶16**        Strojnik next argues the superior court should have allowed him to amend his complaint rather than dismissing it with prejudice. We disagree.

**¶17**        This court reviews a motion for leave to amend the pleadings for an abuse of discretion. *See Hall v. Romero*, 141 Ariz. 120, 124 (App. 1984). As is amply evidenced, Strojnik has a track record of failing to comply with basic jurisdictional and procedural requirements when filing lawsuits. *See* Ariz. R. Evid. 201 (taking judicial notice); *see generally Strojnik v. SCG Am. Constr., Inc.*, SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *4–6 (C.D. Cal. Apr. 19, 2020); *Driftwood*, CV-20-01532-PHX-DJH, at *2, 7.

**¶18**        Strojnik's continuing failure to cure those deficiencies highlights the futility of allowing him an opportunity to amend his complaint. *See Bishop v. State Dep't of Corr.*, 172 Ariz. 472, 474–75 (App. 1992); *see also Driftwood*, CV-20-01532-PHX-DJH, at *6 (denying Strojnik's motion to amend because of his well-established pattern of filing deficient lawsuits). Because Strojnik has failed to show error, the superior court did not abuse its discretion.

## III.    The superior court did not abuse its discretion when it found Strojnik a vexatious litigant.

**¶19**        As a final matter, Strojnik argues the superior court erred when it declared him a vexatious litigant. *See* A.R.S. §§ 12-3201.E.1(c), -349.F. We disagree.

**¶20**        This court reviews an injunction against the filing of lawsuits for an abuse of discretion. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 47, ¶ 9 (App. 2007). Arizona courts have the inherent authority to curtail lawsuits by vexatious litigants. *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 17 (App. 2012). Vexatious conduct includes, but is not limited to, the repeated filing of court actions solely or primarily for the purposes of

harassment, court actions brought or defended without substantial justification, and the repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation. A.R.S. § 12-3201.E.

**¶21** Strojnik had notice of the vexatious litigant proceedings here and opposed the vexatious litigant order. *See Madison*, 230 Ariz. at 14, ¶ 18. The superior court focused on the instant litigation, saying Strojnik brought his claims and the subsequent motions after dismissal "without substantial justification as such is further defined under Arizona law." *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (a vexatious litigant order requires more than a recitation of previously filed lawsuits). The superior court also took judicial notice of (1) two other jurisdictions designating Strojnik a vexatious litigant and (2) Arizona disbarring him for similar litigation practices. *See SCG*, SACV 19-1560 JVS (JDE), at *7–8; *Driftwood,* CV-20-01532-PHX-DJH, at *2, 10 (Strojnik "harasses and coerces parties into agreeing to extortive settlements."); *Brnovich,* 1 CA-CV 20-0423, at *2–3.

**¶22** Strojnik did not provide a valid constitutional challenge. Accordingly, Strojnik waived his attempt to challenge A.R.S. § 12-3201's constitutionality. *See* ARCAP 13(A)(7) (requiring litigants to cite to legal authority and develop their legal arguments); *DeVries v. State*, 219 Ariz. 314, 319, ¶ 10 (App. 2008) (stating the notice requirements for a constitutional challenge under A.R.S. § 12-1841.A). Moreover, "the Arizona Constitution does not assure the right to bring a frivolous lawsuit." *See Hunter Contracting Co. v. Super. Ct.*, 190 Ariz. 318, 324 (App. 1997). The superior court, therefore, did not abuse its discretion.

## ATTORNEY FEES AND COSTS

**¶23** Kashyap did not request attorney fees on appeal. Red Lion requests its fees under A.R.S. § 12-349.A.1. On this record and given Strojnik's status as a vexatious litigant, we conclude Strojnik filed the appeal without substantial justification. Accordingly, we award Red Lion its reasonable attorney fees upon compliance with ARCAP 21. As the prevailing parties, Kashyap and Red Lion are entitled to their costs incurred on appeal under A.R.S. § 12-342 upon compliance with ARCAP 21.

## CONCLUSION

**¶24** We affirm the dismissal with prejudice and the vexatious litigant designation.



AMY M. WOOD • Clerk of the Court
FILED:   AA